PER CURIAM.
Hilmer Burdette Sandine appeals a judgment of conviction of the crime of grand larceny and the sentence entered thereon. The adjudication was based upon a jury verdict. He has presented four points. The first two of these are directed to the admission of physical evidence. The defendant maintains that the exhibits were irrelevant or rendered inadmissible by the method in which they were secured. In each instance the relevancy and admissibility of the evidence is supported by the record.
Appellant’s fourth point maintains that the trial judge erroneously failed to include a charge upon the lesser included offense of petty larceny. The market value of the property, the defendant was alleged to have stolen, was proved to be many hundreds of dollars. The court is not required to instruct upon an issue which is not presented by any reasonable view of the evidence. Jarrell v. State, 135 Fla. 736, 185 So. 873 (1939); State v. Brown, Fla. App.1960, 118 So.2d 574.
Only appellant’s third point presents any substantial question. He contends that the court erred in admitting certain physical evidence which tended to prove that he used different names upon various occasions. He was charged with using one of these names in his scheme to obtain the property he was charged with stealing. We hold that the trial judge correctly held the evidence to be relevant. It tended to prove the preparation for the plan subsequently used. Williams v. State, Fla.1959, 110 So.2d 654.
No point has been raised as to the propriety of the sentence entered. Furthermore, our review of the record reveals that the sentence is not excessive or illegal.
Affirmed.