PEARSON, Judge.
We are presented with a petition for certiorari by Dade County, a political subdivision of the State of Florida, in which the County seeks review of a sentence of the Criminal Court of Record of Dade County. The basis of the County’s petition is a claim that the criminal court is prohibited by statute from sentencing any defendant to a county facility for a period in excess of one year. The statute to which the County refers is F.S.A. § 922.051 which reads as follows:
“922.051 Imprisonment in county jail, term of one year or less.
“When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner’s cumulative sentences is not more than one (1) year.” (Emphasis supplied)
The circumstances which gave rise to the sentences complained of were that Donald Lee Bowman was charged upon two separate informations; (1) with felonious possession of drug instruments, and (2) with buying, receiving or concealing stolen property. He was sentenced after guilty pleas in each charge to one year in the county jail. The second sentence provided that it was to begin at the expiration of *512 the first sentence. Dade County filed petition to vacate the sentences in both cases upon the ground that F.S.A. § 922.051 prohibits sentencing to the county jail for a period of more than one year. The respondent, the Honorable Paul Baker, Judge of the Criminal Court of Record, denied the motion to vacate, whereupon the County brought the instant petition.
The question presented is one of interpretation of the statute. It is the County’s position that once the trial judge has knowledge of the fact that a prisoner has been sentenced to the county jail, he may not thereafter upon an additional charge sentence him to a term which would require the confinement under the two sentences to extend for more than one year. We have denied the petition for cer-tiorari upon the grounds that (1) the County is without authority to bring a petition for certiorari to review a sentence to which no objection was entered by the state’s attorney at the time the sentence was imposed. See Amos v. Powell, Fla. 1933, 108 Fla. 139, 146 So. 195. (2) The petition fails to state a prima facie case in that the statute does not clearly prohibit the imposition of a second sentence for one year upon separate informations even though the end result will be confinement in the county jail for a period of longer than one year. We interpret the language of the statute “ . . .if the total of the prisoner’s cumulative sentences is not more than one year” to mean sentences upon separate counts of a single information.
To interpret the statute as the County contends would in our opinion make the legality of a sentence in an individual case depend upon the record in other cases which might not be before the court at the time of sentencing.
Certiorari denied.