265 So.2d 700 (1972)
DADE COUNTY, a Political Subdivision of the State of Florida, Petitioner,
v.
Honorable Paul BAKER, Judge Criminal Court of Record, in and for Dade County, Florida, State of Florida, and Donald Lee Bowman, Respondents.
No. 42185.
Supreme Court of Florida.
July 14, 1972.
*701 Stuart Simon, Dade County Atty., and Joseph D. Komansky, Asst. County Atty., for petitioner.
Rex Ryland, Jr., of Law Offices of Philip Carlton, Jr., Miami, for respondents.
PER CURIAM.
The District Court of Appeal, Third District, has certified that its opinion in this cause, reported at 258 So.2d 511 (3rd D.C.A.Fla. 1972), "[P]asses upon an important question of public interest as to the validity of sentences to be served in the county jail in separate cases which results in a total time to be served of more than one year." The question is raised within the context of Fla. Stat. § 922.051, F.S.A. The petition for writ of certiorari was granted and we have heard oral arguments. Article V, Section 4(2) Florida Constitution, F.S.A.
Upon consideration, we have determined that the dissent by Judge Carroll, 258 So.2d at 512-514, satisfactorily expresses the view of this Court, both as to the standing of Dade County under the circumstances, and the proper interpretation of the statute in question. We, therefore, adopt the dissent as the response of this Court in this cause.
Beyond this, the following remains to be said. We were told at oral argument that the sentences imposed were bargained for in order that Bowman, the defendant below, might be given the benefit of drug rehabilitation programs offered by the County. Assuming the truth of this assertion, justice requires that Bowman be given the opportunity to withdraw the pleas entered below, if he so chooses. If he continues to plead guilty, or if he ultimately is found guilty, then the trial judge would remain free to alter the manner of sentencing so as to come within Fla. Stat. § 922.051; for example, a one-year sentence on one charge could be followed by probation on the other charge. In any event, under the statute, imprisonment for the felonies may not cumulatively exceed one year if the County facilities are to be used.
The decision of the District Court is quashed, and the cause is remanded for further proceedings not inconsistent with this opinion.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, ADKINS and BOYD, JJ., concur.