311 So.2d 775 (1975)
Estrella Louise SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 74-571.
District Court of Appeal of Florida, Third District.
February 18, 1975.
Rehearing Denied May 12, 1975.
*776 Phillip A. Hubbart, Public Defender, and Steven Rappaport, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for appellee.
Before PEARSON and NATHAN, JJ., and GREEN, ROBERT A., Jr., Associate Judge.
GREEN, ROBERT A., Jr., Associate Judge.
Appellant was tried before a jury and convicted of three counts of assault and battery. The court sentenced the defendant to one year imprisonment on the first count to be followed by two six month terms consecutively on the second and third counts. The trial court denied the defendant's motion for a new trial and this appeal followed.
The charges from which this appeal results stem from an altercation between several people which began in the parking lot of the appellant's apartment complex and which subsequently migrated to the hall and doorway of appellant's apartment.
On September 7, 1973, Johnny Louis and his wife, Louita, went to visit his daughter who lived in the same apartment complex as the appellant. Evidence was introduced that both Johnny and his wife were intoxicated. In the parking lot, an altercation developed between the Louises and appellant's boyfriend, Tony Benoya. The argument appears to have been a series of racial slurs, centered around the relationship between Benoya, of Cuban descent, and appellant Smith, a Black American. The Louises went on to their daughter's apartment and Benoya to appellant's apartment. The Louises, their daughter and a visitor to the daughter's apartment appeared at the doorway of appellant's apartment, and the argument and insults continued. Louita Louis approached appellant's apartment, searching through her purse. Having knowledge of a previous incident whereby Louita shot her husband, appellant searched for an instrument of self defense and found a container of acid in the bathroom. Returning to the scene of the altercation, appellant found Louita and the daughter's visitor throwing bottles.
A disinterested witness corroborated appellant's testimony that she threw the container of acid after being hit on the arm by one of the hurled bottles. Appellant testified at trial that some of the acid had spilled on her and she was trying only to get rid of the container; however, she told the investigating officer at the scene she was trying to protect Benoya. As a result, appellant, the Louises, appellant's young son, and the daughter's guest were seriously burned by the acid.
Throughout the trial, appellant attempted to introduce evidence regarding the threatening conduct and statements made by the alleged victims to the defendant. Repeatedly the trial court sustained the prosecution's objections to such testimony as hearsay. On appeal, appellant urges that *777 such evidence was admissible as part of the res gestae, and exception to the hearsay rule. We agree.
Generally, the term res gestae includes words, declarations, and acts so closely connected with a main fact in issue as to constitute a part of the transaction. Washington v. State, 118 So.2d 650 (Fla. App.2nd 1960). The res gestate doctrine was further elaborated on by the Florida Supreme Court in State v. Williams, 198 So.2d 21 (Fla. 1967):
"It is often difficult to determine when declarations having relation to an act or transaction should be considered as part of the res gestae, and an equally great difficulty has been experienced in the effort to prescribe general rules for the admission of such. It may, however, be safely said that declarations which were natural emanations or outgrowths of the act or occurrence in litigation, although not precisely concurrent in point of time, if they were yet voluntarily and spontaneously made so nearly contemporaneous as to be in the presence of the transaction which they illustrate and explain, and were made under such circumstances as necessarily to exclude the idea of design or deliberation, must upon the clearest principles of justice, be admissible as part of the act or transaction itself."
Additionally, evidence is admissible where it is so closely connected with the main transaction so as to show the mental attitude of the defendant at the time of the crime, and could be considered part of the res gestae. Thomas v. State, 152 Fla. 756, 13 So.2d 148 (1943).
In the instant case, the evidence proffered to the court was clearly within the scope of the res gestae exception to the hearsay rule, and should have been admitted by the trial court. This is not a case where a large time lapse occurred between the main transaction and the evidence sought to be adduced. The evidence, on the contrary, was made at the scene of the crime, within sight and hearing of the victims and the accused. Such evidence is essential to show the defendant's mental state at the time of the crime. Whether her mental state and subsequent actions were justifiable must be determined in the light of all relevant evidence, which includes the utterances and actions of all those participants in the main transaction, by a jury of her peers.
Because we reverse the trial court decision below on this point, it is not necessary to reach the other points raised on appeal. Additionally, we note and agree with the state's concession that the total sentence of two years imprisonment in the county jail is an improper sentence. The maximum possible sentence in the county jail is one year. Fla. Stat. § 922.051; Dade County v. Baker, 265 So.2d 700 (Fla. 1972).
The trial court decision is reversed and remanded with directions that appellant be given a new trial, allowing appellant to present such evidence of the res gestae consistent with this opinion.
Reversed and remanded.
PEARSON, Judge (dissenting).
I would affirm upon a holding that the state of mind of the defendant was not material. One who throws acid on a group of people is guilty of assault and battery in the absence of (1) insanity or (2) self-defense. Neither of these defenses is apparent on this record. See Sandine v. State, Fla.App. 1965, 172 So.2d 634. See also Bradley v. State, 82 Fla. 108, 89 So. 359 (1921) and Hopson v. State, 127 Fla. 243, 168 So. 810 (1936). In addition, neither could be made to appear by the testimony of taunts from the victims.