338 So.2d 268 (1976)
Jorge Santiago MANCEBO, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1931.
District Court of Appeal of Florida, Third District.
October 19, 1976.
Max B. Kogen, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Linda Collins Hertz, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
Appellant was charged in a three count information with having committed three separate crimes against three different persons. In count one he was charged with intent to commit involuntary sexual battery. Count two charged assault and battery and count three charged aggravated battery.
Appellant entered a negotiated plea of not guilty to a reduced charge of assault and battery on three separate counts. The court adjudicated him guilty on each of the three counts and sentenced him to serve one year in the Dade County Jail on each count, each sentence to run consecutively for a total of three years.
The point on appeal is whether the appellant was properly sentenced to serve three consecutive sentences of one year each in the county jail following the entry of pleas of guilty to three separate first degree misdemeanors. Appellant contends that the sentences were in excess of the maximum authorized by law, in that the maximum possible sentence in the county jail is one year.
Appellant argues that Section 922.051 Florida Statutes (1975) and the cases of Dade County v. Baker, 265 So.2d 700 (Fla. 1972) and Smith v. State, 311 So.2d 775 *269 (Fla.3d DCA 1975) are authority for his position. We cannot agree, therefore we must affirm the sentences.
The statute and cases relied upon apply to felony convictions and are not controlling in the instant case. Here we have three separate consecutive sentences of one year imposed for three separate misdemeanors which are authorized and in accordance with Section 775.082(4)(a) Florida Statutes (1975). If we said anything in Smith v. State, supra, which indicated that separate sentences for separate misdemeanor convictions could not be for a greater maximum period than one year in the county jail, we hereby recede from such position.
For the reasons stated and upon the authorities cited, we affirm the three consecutive one year sentences to be served in the county jail which were imposed by the court pursuant to the three separate misdemeanor convictions.
Affirmed.