470 So.2d 46 (1985)
Richard A. CIGELSKI, Appellant,
v.
STATE of Florida, Appellee.
No. BE-60.
District Court of Appeal of Florida, First District.
May 16, 1985.
David A. Davis, Asst. Public Defender, Tallahassee, for appellant.
Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
This is an appeal from an order denying appellant's motion for post-conviction relief. Appellant contends that his sentence was in excess of the maximum authorized by law. We agree and reverse.
This is the second appeal relating to appellant's sentence. The sentence was initially appealed to this court as an improper deviation from the sentencing guidelines, and was affirmed. Cigelski v. State, 453 So.2d 840 (Fla. 1st DCA 1984) (Cigelski I). In Cigelski I, the question of whether the sentence exceeded the maximum authorized *47 by law was not raised in the lower court or in the briefs on appeal, and rehearing sought on this ground was denied for that reason. Our Supreme Court denied review of this court's decision. Cigelski v. State, 459 So.2d 1039 (Fla. 1984).
Appellant then filed a motion for post-conviction relief, asserting that his sentence exceeded the maximum authorized by law. The motion was denied and this appeal followed. As distinguished from Cigelski I, the question of whether the sentence exceeded the maximum authorized by law was raised in the lower court by appellant's Fla.R.Crim.P. 3.850 motion and can now be properly considered by this court on appeal.
The appellant pleaded guilty to charges of burglary and grand theft. He was placed on probation for a term of ten years for the burglary conviction and was given a separate consecutive five-year term of probation for the grand theft conviction. Each term of probation was conditioned upon appellant serving one year in the county jail, the periods of incarceration to be served consecutively.
Incarceration in the county jail in excess of 364 days as a condition of probation or as a condition of consecutive terms of probation is illegal. Incarceration for felonies may not cumulatively exceed one year if the county facilities are used. Broxton v. State, 453 So.2d 98 (Fla. 1st DCA 1984).
We would normally vacate the illegal probation order and remand for resentencing. However, in this case Cigelski has already served approximately 20 months of the 24 months incarceration ordered and could possibly serve the entire 24 months before the relief sought is granted. If remanded and the trial court again orders probation the maximum legal period of incarceration in the county jail that could be ordered is 364 days. The crimes for which Cigelski was convicted and placed on probation occurred prior to the effective date of § 921.187, Fla. Stat. (1983) and any split sentence imposed upon remand would be controlled by Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981) which limits the incarceration portion to 364 days for each sentence.
For these reasons, the order denying post-conviction relief is reversed. It is ordered that the appellant be released immediately and placed on probation for the two consecutive terms of probation previously ordered, less credit for the period of time he has been incarcerated.
REVERSED.
ZEHMER, J., concurs.
JOANOS, J., concurs in part and dissents in part.
JOANOS, Judge, concurring in part and dissenting in part.
I concur in the majority's determination that the order requiring incarceration in the county jail for a period in excess of 364 days under the circumstances of this case should be reversed. However, I disagree that this court should now order the appellant immediately released and placed upon probation for the two consecutive terms of probation previously ordered. The proper course for us to take is to remand the matter to the trial court for a new disposition. The procedure followed by the majority implies that the trial judge could only order probation or a split sentence. I disagree. There are other options available to the trial judge. He should be free to now dispose of the case as if no previous disposition had been entered subject, of course, to the limitations of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1981). Beech v. State, 436 So.2d 82 (Fla. 1983); Williams v. State, 464 So.2d 1218 (Fla. 1st DCA 1985); see generally, 15 Fla.Jur.2d 581, Criminal Law § 901.