504 So.2d 783 (1987)
John AMREIN, Appellant,
v.
STATE of Florida, Appellee.
No. BK-299.
District Court of Appeal of Florida, First District.
March 18, 1987.
*784 Michael E. Allen, Public Defender, Kenneth L. Hosford, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of concurrent sentences of 40 months jail time and 15 years probation upon conviction of five felony counts of grand theft and five misdemeanor counts of contracting without a license. He contends the trial court departed from the recommended guidelines sentence of any nonstate prison sanction for the felony convictions by sentencing him to 40 months county jail time for the misdemeanor convictions without providing written reasons for departure as required by Fla.R.Crim.P. 3.701. We affirm.
Appellant on November 22, 1985 pled nolo contendere to five counts of grand theft, in violation of section 812.014, Florida Statutes, and five counts of contracting without a license, in violation of section 489.127, Florida Statutes. The trial court sentenced appellant within the recommended guidelines sentence of any nonstate prison sanction to three years probation on each felony count, with the sentences to run consecutively. The trial court sentenced appellant separately for the misdemeanor convictions, imposing eight months county jail time for each of the five misdemeanor counts, with those sentences to run consecutively to each other and concurrently with the felony sentences.
Appellant contends the trial court, in effect, circumvented the recommended guidelines sentence by imposing three years and four months jail time on the misdemeanor convictions, to be followed by the remaining 12 years probation for the felony convictions. Section 921.001(4)(a), Florida Statutes, provides that the sentencing guidelines "shall be applied to all felonies, except capital felonies, committed on or after October 1, 1983... ." Under this section, the guidelines apply to felonies alone, and the trial court properly sentenced appellant separately for his felony and misdemeanor convictions. Appellant's misdemeanor convictions were scored on the guidelines scoresheet as additional offenses at conviction, adding four points to the eighteen points appellant received for the felony convictions. Factors accounted for in the sentencing guidelines scoresheet may not be used as a basis for departure from the recommended sentence. Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985). The trial court here, however, did not depart from the guidelines in sentencing appellant for the primary offenses.
Section 775.082(4)(a), Florida Statutes, provides that a person convicted of a misdemeanor of the first degree may be incarcerated for a term not in excess of one year. The trial court here sentenced appellant within the limitations of section 775.082(4)(a) to eight months jail time on each of his first degree misdemeanor convictions. *785 Section 922.051, Florida Statutes, proscribes any county jail term exceeding one year where a statute expressly directs that imprisonment be in a state prison. In Dade County v. Baker, 265 So.2d 700 (Fla. 1972), the Florida Supreme Court found that section 922.051 applies only to felonies. Following Baker, the court in Mancebo v. State, 338 So.2d 268 (Fla. 3d DCA 1976), affirmed three consecutive one year sentences in the county jail for three misdemeanor convictions, finding that section 922.051 does not apply to consecutive misdemeanor sentences. On the authority of Baker and Mancebo, we find that the five consecutive sentences of eight months each imposed in this case for the five misdemeanor convictions were not improper.
Accordingly, the order is affirmed.
BOOTH, C.J., concurs.
ZEHMER, J., dissents.