WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence imposed for the *1117 improper exhibition of a firearm. We find that no point of reversible error has been presented for our review and we therefore affirm the order appealed.
Appellant was charged with multiple offenses in a single information, and moved ■for severance of the charges. Severance was granted and appellant received separate trials before different judges. Each trial produced a judgment of conviction for which appellant was sentenced separately. The first sentence imposed was a term of imprisonment for possession of a firearm by a convicted felon. The judge who sentenced appellant for this felony offense utilized the Fla.R.Crim.P. 3.701 sentencing guidelines, and the sentence imposed was within the guidelines’ recommended range. Appellant was subsequently sentenced by the other trial judge for the misdemeanor offense of improper exhibition of a firearm.
After both sentences were imposed appellant filed a motion challenging the sentence for improper exhibition of a firearm. At the hearing on this motion appellant argued that one guidelines scoresheet should have been prepared so as to encompass both offenses, and that appellant should not have been separately sentenced for the misdemeanor. The court rejected this argument and declined to amend the sentence imposed.
Fla.R.Crim.P. 3.701(d) provides that one scoresheet “shall be utilized for each defendant covering all offenses pending before the court for sentencing.” Appellant contends that this rule should be applied in the present case, but he did not present this argument to the court below until after sentence was imposed. By his silence at the sentencing hearing appellant tacitly agreed to the procedure utilized. See Farrow v. State, 464 So.2d 689 (Fla. 5th DCA 1985); compare Gallagher v. State, 476 So.2d 754 (Fla. 5th DCA 1985). Although the Committee Note to Rule 3.701(d)(1) suggests that the sentencing court has ultimate responsibility with regard to the preparation of guidelines score-sheets, we determine that in the circumstances presented Rule 3.701(d)(1) does not require consolidation of sentencing or utilization of a guidelines scoresheet for the challenged misdemeanor sentence. The sentencing guidelines apply only to felonies, and the court is not required to utilize a guidelines scoresheet when imposing sentence for a misdemeanor. See Amrein v. State, 504 So.2d 783 (Fla. 1st DCA 1987).
The judgment of conviction and sentence appealed are affirmed.
WIGGINTON and NIMMONS, JJ., concur.