509 So.2d 1178 (1987)
Billy Allen KLINE, Appellant,
v.
STATE of Florida, Appellee.
No. BH-90.
District Court of Appeal of Florida, First District.
June 25, 1987.
*1179 Tyrone E. May and Martha B. Blackmon, Panama City, for appellant.
Jim Smith, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
This cause is before us on appeal from a sentence imposing two consecutive 364-day county jail terms on appellant for commission of a felony and a misdemeanor. Appellant contends that this is an illegal sentence, in violation of section 922.051, Florida Statutes (1985), and impermissibly departs from the sentencing guidelines recommended sentence without a statement of clear and convincing reasons. We reverse and remand for resentencing.
Appellant pled nolo contendere and was adjudicated guilty of sexual battery, a second degree felony, in violation of section 800.04, Florida Statutes (1985), and child abuse, a first degree misdemeanor, in violation of section 827.04(2), Florida Statutes (1985). A sentencing guidelines scoresheet prepared for the felony conviction reflected a recommended sentence of "any nonstate prison sanction." Appellant was sentenced on the misdemeanor conviction to 364 days in the county jail, and on the felony conviction to 15 years' probation, with the condition that 364 days of incarceration in the county jail were to be served consecutive to the misdemeanor sentence. Appellant contests the consecutive county jail terms on the basis of section 922.051, Florida Statutes (1985), which he asserts proscribes any county jail term exceeding one year, regardless of whether sentence is withheld on one of the offenses and the term is imposed as a condition of probation.
Section 775.08, Florida Statutes (1985), provides:
When used in the laws of this state:

*1180 (1) The term "felony" shall mean any criminal offense that is punishable under the laws of this state ... by death or imprisonment in a state penitentiary. "State penitentiary" shall include state correctional facilities. A person shall be imprisoned in the state penitentiary for each sentence which, except an extended term, exceeds 1 year.
(2) The term "misdemeanor" shall mean any criminal offense that is punishable under the laws of this state ... by a term of imprisonment in a county correctional facility, except an extended term, not in excess of 1 year... .
Appellant's conviction of the second degree felony is punishable "by a term of imprisonment not exceeding 15 years" in state prison, while his conviction for the first degree misdemeanor charge is punishable "by a definite term of imprisonment not exceeding 1 year" in a county facility. § 775.082(3) and (4), Fla. Stat. (1985).
Section 922.051 provides:
Imprisonment in county jail, term of 1 year or less.  When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner's cumulative sentences is not more than 1 year.
It has been held that section 922.051 applies only to felony sentences and is not applicable to misdemeanor sentences. Dade County v. Baker, 265 So.2d 700 (Fla. 1972); Amrein v. State, 504 So.2d 783 (Fla. 1st DCA 1987). Moreover, the sentencing guidelines apply only to felonies and are not applicable to sentences for misdemeanor violations. § 921.001(4)(a), Fla. Stat. (1985); Amrein v. State, 504 So.2d 783 (Fla. 1st DCA 1987). We find no basis for disturbing appellant's sentence on the misdemeanor charge.
Similarly, the sentence to county jail as a condition of probation on the felony charge does not constitute a departure from the recommended guidelines sentence of "any nonstate prison sanction." Committee note (d)(8) to the 1985 amendments to the guidelines, Florida Rule of Criminal Procedure 3.701 states that a nonstate prison sanction "allows the court the flexibility to impose any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone or any nonincarcerative disposition." For this reason, we find no merit to appellant's second point contending that the cumulative incarceration sentence constitutes a departure from the guidelines recommended sentence.
We now address appellant's first point contesting the validity of the felony sentence under section 922.051. The trial court was authorized to impose incarceration in county jail up to 364 days as a condition of probation on the felony conviction by section 948.03(5)(a), Florida Statutes (1985). State v. Jones, 327 So.2d 18, 24 (Fla. 1976). That section explicitly authorizes incarceration in a county-owned facility; and although the statute cautions that "it is the intent of the Legislature that a county jail be used as the last available alternative for placement of an offender as a condition of probation," this provision "shall not create a right of placement for the probationer, nor shall it restrict judicial discretion in ordering such treatment or incarceration." § 948.03(5)(b), Fla. Stat. (1985). We conclude, however, that the consecutive felony sentence violates section 922.051 because it extends appellant's jail time beyond one year.
The sentence on the misdemeanor charge ordered imprisonment in county jail for 364 days. The sentence on the second degree felony charge ordered defendant placed on probation for 15 years upon the condition, among others, that defendant "spend 364 days in the Bay County Jail (consecutive to any other sentence being served) with no credit for time served as directed by probation officer." The felony sentence is, therefore, necessarily cumulative to the misdemeanor sentence and extends appellant's total jail sentence beyond one year, in violation of section 922.051, Florida Statutes (1985), for the reasons stated in Cigelski v. State, 470 So.2d 46 (Fla. 1st DCA 1985). The fact that the initial sentence of imprisonment in county jail was imposed for a misdemeanor, while both sentences in *1181 Cigelski were for felony convictions, is an immaterial difference between that case and this one. Smith v. State, 311 So.2d 775 (Fla. 3d DCA 1975), cert. denied, 327 So.2d 35 (Fla. 1976); cf., Mancebo v. State, 338 So.2d 268 (Fla. 3d DCA 1976).[1]
The supreme court decision in Dade County v. Baker, 265 So.2d 700 (Fla. 1972), which adopted the dissent by Judge Carroll in Dade County v. Baker, 258 So.2d 511, 512-14 (Fla. 3d DCA 1972), supports, rather than contradicts, this conclusion. In that case, the district court of appeal majority opinion, 258 So.2d at 511, left in place the sentences for two felony convictions based on separate informations, each requiring incarceration for one year in the county jail to be served consecutively. Judge Carroll's dissent disapproved the consecutive stacking of the two felony sentences in a manner that resulted in a cumulative sentence in county jail which exceeded one year. Discussing the meaning and purpose of section 922.051, he stated:
Inspection of § 922.051 shows it is concerned with sentences for felonies, since the offenses it deals with are those for which imprisonment in the state prison is directed by statute. Section 922.051 permits the court, upon conviction of a person for such an offense, to provide for imprisonment of the person in the county jail when the sentence is for a period of not more than one year, but that statute does not permit such a sentence to provide for imprisonment to be in the county jail if by reason of another such sentence, which is being served or to which it is made cumulative, the prisoner's cumulative sentences would result in his imprisonment thereunder in the county jail for more than a period of one year. In the latter instance the statutory direction for imprisonment for such an offense to be in the state prison, together with the provisions of § 922.051, will require that the second (cumulative) sentence be served in a state prison.
(Emphasis supplied). 258 So.2d at 513. Judge Carroll did not say that the sentence being served to which the felony sentence was cumulative had, itself, to be a felony sentence. Rather, the rationale underlying his dissent is predicated on the policy of limiting incarceration in county jails to one year because of the lack of facilities and programs to treat long-term incarceration. Thus, he further stated:
I can observe no reasonable basis upon which to conclude that the policies and reasons underlying the statutory prohibition against providing for imprisonment of a defendant in the county jail for a period of more than one year, but cumulative sentences upon conviction of (felony) offenses, should be held to apply only where the cumulative sentences are imposed upon two or more convictions had under one indictment or information, and not to apply when the prohibited result is brought about by cumulative sentences resulting from convictions for offenses which were prosecuted under separate indictments or informations.
For example, policies supporting the legislative intent logically may be assumed to have included an awareness by the legislature that county jails are intended basically for short or interim periods of detention, and are lacking in facilities such as libraries, classroom instruction, occupational training, athletic or recreational facilities, and rehabilitative procedures in general as may be provided in state prisons, for benefit of those serving longer terms there. In the light of such considerations it would appear that the statutory prohibition against imposing cumulative (felony) sentences which would imprison a person in the *1182 county jail for a period of more than one year necessarily should be applicable to cumulative one year sentences for offenses that were charged and prosecuted under separate indictments or informations as well as to sentences for such offenses that result from a prosecution under a single charging instrument.
258 So.2d at 514. This policy rationale is consistent with the legislature's caution in section 948.03(5)(b) that county jails be used as the last available alternative.
We do not, therefore, read this dissent, or the supreme court's opinion adopting it, as approving the notion that a felony sentence to be served in county jail consecutive to a misdemeanor sentence is valid under section 922.051, even though the total cumulative sentence exceeds one year. Judge Carroll has construed the provisions of section 922.051 to mean that when the sentence imposed for a felony conviction includes, as a condition of probation, incarceration in the county jail to be served consecutive to another sentence of incarceration in the county jail, the section is violated if the resulting total cumulative sentence is more than one year; and it makes no difference whether the original sentence has been imposed for a misdemeanor or a felony conviction.
The dissent raises valid concerns over the lack of meaningful interrelationship and coordination between the sentencing guidelines and section 922.051. We recognize that under our decision appellant could have been given incarceration only in state prison as a condition of probation for the felony offense consecutive to the misdemeanor sentence, and that incarceration in state prison would have exceeded the recommended sentencing guidelines range of "any nonstate prison sanction," thus requiring clear and convincing reasons for departure. Indeed, appellant could not have been sentenced to community control on the felony count since that, too, exceeds the recommended guidelines sentence of "any nonstate prison sanction." State v. Mestas, 507 So.2d 587 (Fla. 1987).[2] Certainly there is a manifest need for legislative coordination in this area of the law. However, since the language of section 922.051 is reasonably clear and, in our opinion, not susceptible to a construction that permits tacking on a felony sentence involving incarceration in county jail to a misdemeanor sentence to county jail so as to exceed one year total, the needed legislative coordination and clarification is more properly left to the legislature.
We certify to the supreme court the following question of great public importance:
DOES THE LIMITATION OF ONE YEAR IN THE COUNTY JAIL CONTAINED IN SECTION 922.051 APPLY TO CUMULATIVE MISDEMEANOR AND FELONY SENTENCES, OR DOES IT APPLY ONLY TO CUMULATIVE FELONY SENTENCES?
Appellant's sentence on the felony conviction is VACATED and the cause is REMANDED for resentencing on the felony conviction consistent with this opinion.
JOANOS, J., concurs.
MINER, CHARLES E., Jr., Associate Judge, concurs in part and dissents in part.
CHARLES E. MINER, Jr., Associate Judge, concurring in part and dissenting in part.
I agree with the majority finding that the cumulative incarceration imposed in this case does not constitute a departure from the sentencing guidelines recommended sentence. However, I do not agree that the felony sentence imposed violates Section 922.051, Florida Statutes, and from the majority's contrary conclusion, I respectfully dissent.
In my view, the majority indulges an unjustifiably broad and unnecessary, albeit arguable, reading of Section 922.051 which provides that sentences of imprisonment for felony convictions may be served in the county jail rather than state prison as long *1183 as the length of imprisonment does not exceed one year.
As initially enacted in Section 1 of Chapter 59-72, Laws of Florida, Section 922.051 read:
Whenever punishment by imprisonment is prescribed, and said imprisonment is by statute expressly directed to be in a state prison, the court may, in its discretion in all cases where the sentence imposed is for a term of 5 years or less, direct that imprisonment be in a county jail.
Even a casual reading of the original statute will reveal that it applied only to felony sentences of five years or less. Additionally, it contained no prohibition against the imposition of several felony sentences of five years or less to be served consecutively in a county jail.
In 1961, Section 922.051 was amended to provide that from and after January 1, 1963, no felony sentence imposed to be served in a county jail could exceed two years in length. Again, the statute as amended did not prohibit the imposition of several felony sentences of two years or less to be served consecutively in a county jail. Ch. 61-168, § 1, Laws of Fla.
Section 922.051 was amended again in 1967 to read:
Whenever punishment by imprisonment is prescribed, and said imprisonment is by statute expressly directed to be in a state prison, the court may, in its discretion in all cases where the total sentence imposed is for a term of one year or less, direct that the imprisonment be in a county jail; provided that no such imprisonment in the county jail shall be directed if the total of the prisoner's cumulative sentences is more than one year.
Ch. 67-241, § 1, Laws of Fla.
In 1970, as part of an omnibus bill, the statute was redrafted to its present form. The 1970 redraft was to effect stylistic changes only and involved no substantive amendment. It now reads:
When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner's cumulative sentences is not more than one year.
Ch. 70-339, § 132, Laws of Fla.
Tracing its legislative history seems particularly instructive for purposes of Section 922.051 analysis. As originally enacted, it simply authorized trial courts to sentence felons to terms of imprisonment in the county jail, such terms not to exceed five years. It did not limit the number of consecutive five-year felony sentences that the trial court could impose in the county jail. The 1961 amendment took the form of a proviso tacked onto the end of the existing statute which reduced the five-year limitation to one of two years. It did not purport to limit the imposition of consecutive two-year terms on felonies to be served in county jail.
In 1967, for the first time, the legislature coupled a reduction in the permissible time of sentence for felonies in a county jail to one year with a prohibition against imposition of consecutive felony sentences in a county jail if the cumulative term of those sentences exceeded one year. Reading Section 922.051 in its then and current form in light of the case law interpreting that section, the message to state trial judges is clear, at least to my mind. A trial judge may sentence a felon to county jail for a felony or felonies so long as the cumulative time to be served for those felonies does not exceed one year. See Dade County v. Baker, 265 So.2d 700 (Fla. 1972); Broxton v. State, 453 So.2d 98 (Fla. 1st DCA 1984); Cigelski v. State, 470 So.2d 46 (Fla. 1st DCA 1985).
Here, appellant Kline entered pleas of nolo contendere to one count of misdemeanor child abuse and to a second-degree felony offense of lewd and lascivious assault. The trial judge sentenced first on the misdemeanor count, imposing a sentence of 364 days in the Bay County jail. Faced with a guidelines scoresheet which indicated a recommended sentence of "any non-state prison sanction," the court, in sentencing on the felony, adjudicated Kline guilty and placed him on a 15-year probationary term conditioned in part on service *1184 of 364 days in the Bay County jail to run consecutively to the misdemeanor incarceration he had only moments before imposed.
The majority reasons that the consecutive felony incarceration extended Kline's county jail time beyond one year, thereby violating Section 922.051. As support for this proposition, they cite the pivotal case of Dade County v. Baker, supra, wherein the Supreme Court adopted Judge Carroll's interpretation of Section 922.051. They emphasize what Judge Carroll "did not say." I find what he did say to be considerably more enlightening.
In Baker, the trial judge had imposed consecutive felony sentences cumulatively totaling more than one year in the Dade County jail. The case was appealed by Dade County officials to the Third District Court of Appeal as violative of Section 922.051. Dade County v. Baker, 258 So.2d 511 (Fla. 3d DCA 1972). The panel majority never reached the merits of the appeal but instead concluded that county officials had no standing to challenge the sentences. Judge Carroll's dissent rejected the standing argument and proceeded to address the merits of the case.
In finding that the sentences imposed violated Section 922.051, it is true that Judge Carroll did not say that "the sentence being served to which the felony sentence was cumulative had, itself, to be a felony sentence." He did not need to. He was not dealing with a case in which a single felony sentence of incarceration was made to run consecutively to a misdemeanor sentence. He had before him consecutive felony sentences. Had he expressed a view on a matter not before him such expression would have amounted to obiter dictum, pure and simple.
In concluding that it applied only to felonies, Judge Carroll said (258 So.2d at 513):
Inspection of § 922.051 shows it is concerned with sentences for felonies... . Section 922.051 permits the court, upon conviction of a person for such an offense, to provide for imprisonment of the person in the county jail when the sentence is for a period of not more than one year, but that statute does not permit such a sentence to provide for imprisonment to be in the county jail if by reason of another such sentence, which is being served or to which it is made cumulative, the prisoner's cumulative sentences would result in his imprisonment thereunder in the county jail for more than a period of one year. (emphasis added)
It seems to me a basic matter of sentence structure that Judge Carroll's use of the words "such an offense," "such a sentence," and "another such sentence" necessarily relates to the antecedent words "sentences for felonies." Use of county jails in felony sentencing was the sole issue before him, and to argue that he did not say his reasoning would have been the same had one of the sentences been for a misdemeanor rather than a felony is to inject into his analysis more than a healthy measure of speculation.
Until now, misdemeanor jail time has never been part of the equation used to determine a Section 922.051 violation. See Mancebo v. State, 338 So.2d 268 (Fla. 3d DCA 1976); Amrein v. State, 504 So.2d 783 (Fla. 1st DCA 1987). To extend the reach of the statute to those offenses to which it, by its own terms and as interpreted, does not now apply is to judicially recast the substance of the law. While it may be true that the 1967 amendment of Section 922.051 was motivated by the policy considerations suggested by Judge Carroll, those policy considerations ceased to exist with the advent of sentencing guidelines. If Section 922.051 was intended to discourage extended use of county jails when sentencing felons, guidelines sentencing seems premised on discouraging use of state penal facilities for those same offenders. The sentencing trial judge is caught betwixt and between these contending philosophies, and to further restrict his sentencing alternatives by creative interpretation of Section 922.051 is, in my view, both unwarranted and unwise.
Given the legislative history and prior appellate interpretation of Section 922.051, I do not share the majority's understanding that it prohibits imprisonment in a county jail for more than one year regardless of *1185 whether incarceration is for a felony or a misdemeanor, or some combination of both. The narrower opinion expressed by the Third District in Mancebo v. State, supra, and by another panel of this court in Amrein v. State, supra, is, I believe, the correct interpretation of the statute.
Including by interpretation a misdemeanor sentence in the cumulative time computation when dealing with an alleged violation of Section 922.051 will only serve to add to the uncertainties wrought by Florida's current felony sentencing structure. As an example, will it now be necessary for a trial judge sentencing a defendant to county jail on a felony conviction to take into account in fashioning a permissible Section 922.051 sentence the time remaining to be served if the defendant is serving a county jail term imposed by a county judge on an unrelated misdemeanor offense? What of a defendant who is sentenced by a county judge on an unrelated misdemeanor after a trial judge has sentenced the defendant to a year in the county jail on a felony? If the misdemeanor sentence serves to extend the total incarceration period beyond one year, does that misdemeanor sentence render the previously imposed felony sentence illegal as violative of Section 922.051? The confounding factual scenarios that may emerge are limited only by one's imagination.
In sum, if the legislature had intended to radically alter Section 922.051 in the manner we change it today, it could easily and clearly have done so. It did not. Neither should we.
I would affirm the trial judge in all respects.
NOTES
[1] The opinion in Smith v. State did not identify whether the charges were misdemeanors or felonies; but the seriousness of the underlying acts (the accused threw a container of acid at other persons who "were seriously burned by the acid." 311 So.2d at 776) would support a felony conviction under sections 784.04 and 784.045, Florida Statutes (1973). In Mancebo v. State, which involved three misdemeanor charges, the opinion states, "The statute [§ 922.051] and cases relied upon [Dade County v. Baker, 264 So.2d 700, and Smith v. State, 311 So.2d 775] apply to felony convictions and are not controlling in the instant case". (338 So.2d at 296). We assume, from this explanation, that the court in Mancebo was treating Smith v. State as involving felony charges, as do we in the instant case.
[2] The notion that imposition of community control is equivalent to state prison sanction and is, presumably, a more serious deprivation of one's liberty than incarceration in county jail, which is permissible as any nonstate prison sanction, is difficult to understand.