ORFINGER, Judge.
This appeal is from a judgment denying appellant’s petition for writ of habeas corpus. We affirm.
Following adjudication of guilt in the County Court of Orange County on fifteen misdemeanor traffic offenses and several contempt of court charges, defendant was sentenced to twelve consecutive one year terms of imprisonment in the county jail.
Defendant challenges his detention in the Orange County jail for more than one year, relying on section 922.051, Florida Statutes (1985) which says:
When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner’s cumulative sentences is not more than 1 year.
He relies on Cigelski v. State, 470 So.2d 46 (Fla. 1st DCA 1985) and Kline v. State, 509 So.2d 1178 (Fla. 1st DCA 1987) to argue that because his cumulative sentences on the misdemeanors totalled more than one year, he was entitled to serve eleven of the twelve years in a state prison.
We reject this argument. There is no statutory authority for committing a convicted misdemeanant to state prison. The statute in question is applicable only to offenses for which imprisonment in the state prison is statutorily provided, i.e., for felony convictions. Section 775.08(1) and (2), Florida Statutes (1987) (the term “felony” means any criminal offense punishable by death or imprisonment in a state penitentiary while the term “misdemeanor” means any criminal offense that is punishable by a term of imprisonment in a county correctional facility.). See also Dade County v. Baker, 265 So.2d 700 (Fla.1972) (adopting the dissent in Dade County v. Baker, 258 So.2d 511 (Fla. 3d DCA 1972) wherein Judge Carroll stated the statute “is concerned with sentences for felonies....”).
The cases relied upon by defendant, Ci-gelski and Kline, are distinguishable in that Cigelski dealt with probationary terms on two felony convictions and Kline dealt with one misdemeanor and one felony conviction for which defendant received county jail terms. Kline held that probation with a term of county jail as a condition thereof for a felony consecutive to a misdemeanor *867 county jail sentence is not valid under section 922.051 where the total cumulative sentence exceeds one year. Kline specifically noted that section 922.051 applies only to felony sentences and is not applicable to misdemeanor sentences.
As cited by the State, there are two cases dealing with incarceration resulting only from misdemeanor offenses in which the appellate courts rejected defendants’ arguments that county jail incarceration for a period of years resulting from consecutive misdemeanor sentences violated section 922.051. In Mancebo v. State, 338 So.2d 268 (Fla. 3d DCA 1976) the court approved county jail incarceration for a period of three years resulting from three consecutive misdemeanor sentences of one year each. The First District followed Mancebo in Amrein v. State, 504 So.2d 783 (Fla. 1st DCA 1987) and approved consecutive eight month county jail sentences for each of five misdemeanor counts, the sentences to run consecutively to each other.
The writ of habeas corpus was properly denied.
AFFIRMED.
SHARP, CJ., concurs.
DAUKSCH, J., concurs specially, with opinion.