ON MOTION FOR REHEARING
COBB, Judge.
Pursuant to motion for rehearing, we vacate our prior opinion herein and substitute therefor the following:
Singleton pled guilty to burglary of a conveyance, a third degree felony in violation of section 810.02, Florida Statutes (1987). The trial court entered judgment and sentenced Singleton to five years probation with the condition that he serve 270 days in the county jail. The court further ordered that the incarcerative term was to be served consecutively to the 270 days in county jail that he was currently serving in case no. 87-6212, which also involved the third degree felony of a burglary of a conveyance. The guideline recommendation was “any nonstate prison sanction.”
On appeal Singleton contends that his sentence violates section 922.051, which provides:
When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner’s cumulative sentences is not more than one year.
The above statute is not applicable to the instant case. The applicable statutes herein are the sentencing guidelines, which ex-préssly directed that Singleton not be imprisoned in state prison. The instant situation is analogous to the computation of misdemeanor jail time, which has never been part of the equation used to determine a section 922.051 violation. See Gwynn v. Orange County Board of County Commissioners, 527 So.2d 866 (Fla. 5th DCA 1988) and Mancebo v. State, 338 So.2d 268 (Fla. 3d DCA 1976).
The case relied upon by the appellant, Dade County v. Baker, 265 So.2d 700 (Fla.1972) is not relevant to a post-1983 case governed by the sentencing guidelines. As pointed out by Associate Judge Miner in his discerning dissent in Kline v. State, 509 So.2d 1178 (Fla. 1st DCA 1987), the policy considerations underlying section 922.051— i.e., discouraging use of county jails when sentencing felons — ceased to exist with the advent of the sentencing guidelines. Indeed, the policy has now been reversed: “[Gjuidelines sentencing seems premised on discouraging use of state penal facilities for [felons].” Kline at 1184 (Miner, J., dissenting). The majority opinion in Kline relied on section 922.051, but overlooked subsequent and superseding[1] statutory en *234 actments in the form of the sentencing guidelines.
Accordingly, we affirm the consecutive sentence imposed by the trial court, and certify conflict with the majority opinion in Kline.
AFFIRMED.
SHARP, C.J., and DANIEL, J., concur.

. See Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987).