554 So.2d 1162 (1990)
Darryl A. SINGLETON, Petitioner,
v.
STATE of Florida, Respondent.
No. 74072.
Supreme Court of Florida.
January 4, 1990.
James B. Gibson, Public Defender, and Brynn Newton and Kenneth Witts, Asst. Public Defenders, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Laura A. Griffin and Pamela D. Cichon, Asst. Attys. Gen., Daytona Beach, for respondent.
BARKETT, Justice.
We have for review Singleton v. State, 540 So.2d 233 (Fla. 5th DCA 1989), because of certified conflict with Kline v. State, 509 So.2d 1178 (Fla. 1st DCA 1987).[1] The issue presented is whether the recommended guidelines range of "any nonstate prison *1163 sanction," as provided by Florida Rule of Criminal Procedure 3.988(e), permits imprisonment in the county jail when the cumulative effect of successive sentences exceeds one year.
We respond with a qualified affirmance depending on the circumstances. If sentences for various pending offenses are imposed at the same sentencing hearing, they may not cumulatively exceed one year in the county jail. If, however, the defendant has already been sentenced for a previous offense and is serving that sentence in the county jail at the time of a subsequent sentencing hearing, county jail time imposed for the new offenses will be permitted even though the total time when added to the previously imposed county jail time would exceed one year.
Singleton pled nolo contendere to burglary of a conveyance, a third-degree felony. On June 14, 1988, the trial court adjudicated Singleton guilty of that offense and placed him on five years' probation with the condition that he spend 270 days in the Volusia County jail with credit for 131 days served. The court also required that the probationary term as well as the incarcerative term was to be served consecutively to the 270 days which Singleton was already serving in connection with a previous conviction of a third-degree felony. The district court affirmed the consecutive sentence, concluding that the sentence was within the presumptive guideline recommendation of "any nonstate prison sanction," and that the guidelines superseded statutes that prohibited imprisonment in the county jail for sentences greater than one year.
Singleton contends that the requirement that he serve a term greater than one year violated section 922.051, Florida Statutes (1987), because the judgment in the instant case effectively extended the sentence in the previous case to a term of incarceration beyond one year in the county jail. That section provides:
When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner's cumulative sentences is not more than 1 year.
Singleton relies upon Dade County v. Baker, 265 So.2d 700 (Fla. 1972), adopting, 258 So.2d 511, 513-14 (Fla. 3d DCA 1972) (Carroll, J., dissenting), where this Court construed that section as prohibiting the imprisonment in the county jail of a prisoner whose cumulative sentences would result in incarceration exceeding one year. The prohibition applied regardless of whether the prisoner was prosecuted under single or multiple charging instruments. However, we note that the defendant in Baker was sentenced for two felony offenses at a sentencing hearing which occurred prior to the adoption of the sentencing guidelines.
The state argues that section 922.051 (which limits county jail terms to one year) appears to directly conflict with section 921.0015, Florida Statutes (1987) (which adopts the sentencing guidelines and is silent on the length of county jail terms), and that the former section has been overruled by the latter. The state relies on section 921.001(4)(a), Florida Statutes (1987), which provides:
The guidelines shall be applied to all felonies, except capital felonies, committed on or after October 1, 1983, and to all felonies, except capital felonies and life felonies, committed prior to October 1, 1983, for which sentencing occurs after such date when the defendant affirmatively selects to be sentenced pursuant to the provisions of this act.
In reconciling apparent conflict, we must give full effect to all statutory provisions and, where possible, harmonize related provisions with one another. Whitehead v. State, 498 So.2d 863, 865 (Fla. 1986); Villery v. Florida Parole and Probation Comm'n, 396 So.2d 1107, 1111 (Fla. 1980); State ex rel. School Bd. of Martin County v. Department of Educ., 317 So.2d 68, 73 (Fla. 1975) (citation omitted). We conclude that the sentencing guidelines and section 922.051 can be harmoniously construed and therefore are not in conflict.
Section 921.001(4)(a) required the Court to develop guidelines "to provide trial court *1164 judges with factors to consider and utilize in determining the presumptively appropriate sentences in criminal cases." The guidelines appear at Florida Rules of Criminal Procedure 3.701 and 3.988(a)-(i) and were adopted by section 921.0015. Rule 3.988(e) prescribes three sentencing options  "any nonstate prison sanction," "community control," or "incarceration"  the selection to be determined by the total points a defendant scores on a sentencing scoresheet. Singleton scored in the first of those three cells.
Although the guidelines do not define "any nonstate prison sanction," they contemplate that county jail is within the range of options available to the sentencing judge when an offender scores in the first cell:
The first guideline cell in each category (any nonstate prison sanction) allows the court the flexibility to impose any lawful term of probation with or without a period of incarceration as a condition of probation, a county jail term alone or any nonincarcerative disposition.
Fla.R.Crim.P. 3.701, committee note (d)(8) (emphasis added).
Section 922.051 permits imprisonment in a county jail "if the total of the prisoner's cumulative sentences is not more than 1 year." (Emphasis added.) See also §§ 921.187(1)(e), 948.03(7), Fla. Stat. (1987).
The guidelines, which were intended to be generally applicable, Whitehead, 498 So.2d at 865, reasonably can be construed to include the more specific mandate of section 922.051 at sentencing. Accordingly, both statutes are given full effect when the offender is sentenced at one time to all pending charges. Under this circumstance, the guidelines are subject to the one-year county jail limitation. This is precisely what the guidelines contemplate. See Fla. R.Crim.P. 3.701(d)(1) ("One guideline scoresheet shall be utilized for each defendant covering all offenses pending before the court for sentencing.").
Thus, we approve the decision in Kline, 509 So.2d at 1178. There, the defendant was convicted of a first-degree misdemeanor and a second-degree felony. The guidelines sentence for the felony[2] was "any nonstate prison sanction." At the sentencing hearing on both charges, the trial court sentenced Kline to 364 days in the county jail on the misdemeanor charge. In accordance with the guidelines, the defendant was sentenced to fifteen years' probation on the felony charge with county jail time of 364 days as a condition of probation. However, the county jail time on the felony was to be served consecutively to the misdemeanor sentence. The district court correctly concluded that the consecutive felony sentence violated section 922.051.
At the same time, it cannot be said that the guidelines were intended either to limit or eliminate a trial judge's authorization to impose jail time when a defendant scoring in the first cell is already serving time in the county jail. Such a result would directly controvert the intent of the guidelines. The guidelines serve the express policy that "[t]he severity of the sanction should increase with the length and nature of the offender's criminal history." Fla.R.Crim.P. 3.701(b)(4). That policy would be defeated if the trial court was precluded from imposing warranted jail time because a defendant's current jail term would cause the sentence to cumulatively exceed one year. Such an interpretation would reward a repeat offender with a sentence which declines in severity with a successive conviction.
Thus, we likewise approve the decision below. Section 922.051 is not applicable in this situation where the trial court was sentencing Singleton at a time when he was already serving a sentence for a prior conviction.[3] We emphasize that sentences on all pending charges should be *1165 imposed simultaneously in a single sentencing.
For the reasons expressed, we approve the result in Singleton as well as in Kline.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Our jurisdiction is discretionary. Art. V, § 3(b)(4), Fla. Const.
[2] The guidelines do not apply to misdemeanors.
[3] We note that the particular circumstances in this case would not have occurred had Singleton been sentenced after October 1, 1988. See § 921.001(5), Fla. Stat. (Supp. 1988) (a presumptive sentence of "any nonstate prison sanction" permits a sentence of incarceration not to exceed 22 months).