The Honorable Walter N. Colbath, Jr. Chief Judge Fifteenth Judicial Circuit Palm Beach County Courthouse 205 North Dixie Highway West Palm Beach, Florida 33401
Dear Judge Colbath:
You ask substantially the following question:
Which statute controls the disposition of unclaimed monies held by the clerk of court in light of the seemingly conflicting provisions in sections 43.19 and 116.21, Florida Statutes?
In sum:
Section 43.19, Florida Statutes, controls the disposition of funds that have been deposited into the court registry as a result of an action in which the right to withdraw such funds has been adjudicated or is undisputed. Section 116.21, Florida Statutes, governs the disposition of all other funds the clerk or the sheriff has collected or deposited in his or her official capacity that remain unclaimed and are not specifically directed to be otherwise disposed of by law.
Section 43.19, Florida Statutes, states:
"(1) In every case in which the right to withdraw money deposited as hereinbefore provided has been adjudicated or is not in dispute and the money has remained so deposited for 5 years or more unclaimed by the person, firm, or corporation entitled thereto, on or before December 1 of each year the judge, or one of the judges, of the court shall direct that the money be deposited with the Treasurer to the credit of the State School Fund, to become a part of that fund, subject to the right of the person, firm, or corporation entitled thereto to receive the money as provided in subsection (3).
(2) The direction that the money be deposited as provided in subsection (1) shall be by written order. A copy of the order shall be filed in the action in which the money was originally deposited. The order shall also be noted in the progress docket in the action, if a docket is maintained by the court.
(3) Any person, firm or corporation entitled to any of the money may obtain an order directing the payment of the money to the claimant on written petition to the court from which the money was deposited or its successor, and written notice to the state attorney of the circuit wherein the court is situate, whether or not the court is a circuit court, and proof of the right thereto, and the money deposited shall constitute and be a permanent appropriation for payments by the Treasurer of the state in obedience of such orders.
(4) All interest and income that accrue from the money while on deposit with the Treasurer to the credit of the State School Fund belong to that fund."
The manner in which funds are to be deposited referenced in section 43.19(1), Florida Statutes, previously was prescribed in section 43.17, Florida Statutes. Section 43.17, Florida Statutes (1971), however, provided:
"(1) All moneys paid into any court in any action pending or adjudicated in such court shall be deposited forthwith with the treasurer of the state or in a designated depository of funds for the state, in the name and to the credit of such court, and every depository that receives such moneys shall furnish security forthwith, to be approved by and deposited with the treasurer of the state in an amount necessary fully to protect the full amount of such deposit at all times. . . .
(2)(a) All funds in custody of the court, deposited in a designated depository for the state in compliance with provisions of this section, shall, if held for longer than thirty days, be deposited by the clerk of the court in an interest-bearing account. All such funds shall be deposited at the highest available rate of interest. However, such deposited funds must be fully available for withdrawal on demand.
(b) Net interest received on such funds shall accrue to the credit of the court and shall be returned quarterly by the clerk of the court to the general fund of the county."
Although this section was repealed in 1973,[1] the legislation repealing it simultaneously created section 28.33, Florida Statutes, relating to the investment of funds by the clerk of the circuit court. Section 28.33, Florida Statutes, directs the clerk to invest "any funds in designated depository banks in interest-bearing certificates or in any direct obligations of the United States in compliance with federal laws relating to receipt of and withdrawal of deposits. . . ." Thus, it would appear that the creation of section 28.33, Florida Statutes, obviated the need for section 43.17, Florida Statutes, and now serves as the direction for clerks to deposit funds that come into their possession.[2]
Section 116.21, Florida Statutes, authorizes sheriffs and clerks of the court, at their discretion, to pay into the fine and forfeiture fund of their respective counties "any or all unclaimed moneys deposited or collected by them in their official capacity, which unclaimed moneys came into their hands prior to January 1 of the preceding year and for which moneys claim has not been made."
This section has been interpreted by this office to allow the clerk of the court to remit unclaimed overpayments for fines, where an automated government service center did not dispense change, to the county fine and forfeiture fund.[3] There are instances where the return of funds is controlled by specific statutes. For example, section 717.113, Florida Statutes, provides that all intangible property held for the owner by any court, government, governmental subdivision or agency, public corporation, or public authority that remains unclaimed by the owner for more than one year after it becomes payable or distributable is presumed abandoned and is subject to disposition as unclaimed property pursuant to Chapter 717, Florida Statutes.
While there may be superficial confusion as to the effect sections43.19 and 116.21, Florida Statutes, have on unclaimed funds held by the clerk of the court, it is a basic rule of statutory construction that the reconciliation of apparent conflict requires a court to give full effect to all statutory provisions and to harmonize related portions with one another whenever possible.[4]
The distinction in this instance appears to be that the right to possess the money has been litigated or is uncontested, yet the party who has claim to the funds has failed to retrieve them from the court registry under section 43.19, Florida Statutes. Since such funds are readily identifiable by the order directing their deposit, it would appear to simplify their separation from other unclaimed moneys that have been collected or deposited by the sheriff or the clerk of the court in their official capacity under section 116.21, Florida Statutes.
Accordingly, it is my opinion that section 43.19, Florida Statutes, controls the disposition of funds that have been deposited into the court registry as a result of an action in which the right to withdraw such funds has been adjudicated or is undisputed. Section 116.21, Florida Statutes, governs the disposition of all other funds the clerk or the sheriff has collected or deposited in his or her official capacity that remain unclaimed and are not specifically directed to be disposed of otherwise by law.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 2, Ch. 73-282, Laws of Fla.
[2] See, Op. Att'y Gen. Fla. 73-408 (1973), in which this office concluded that state funds in the custody of the clerk which are to be used for payment of jurors or witnesses before the grand jury may not be invested by the clerk, while nonpublic moneys deposited into the registry of the court or in the custody of the court may be invested by the clerk in interest-bearing certificates.
[3] Attorney General Opinion 91-83 (1991).
[4] Singleton v. State, 554 So.2d 1162 (Fla. 1990). And see,Carawan v. State, 515 So.2d 161 (Fla. 1987) (court construing statute has obligation to adopt interpretation that harmonizes two related statutory provisions while giving effect to both).