IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


ORANGE COUNTY, FLORIDA,

        Petitioner,

v.                                      Case No. 5D15-3140

STATE OF FLORIDA AND KEVIN
ROBERT MCQUEENY-GONZALEZ, ETC.,

        Respondents.

_____/

Opinion filed March 4, 2016

Petition for Certiorari Review of
Decision from the Circuit Court
for Orange County,
 Alan S. Apte, Judge.

Scott Shevenell, Assistant County
Attorney, Orlando, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wesley Heidt,
Assistant Attorney General, Daytona
Beach, for Respondent, State of
Florida.

Robert Wesley, Public Defender,
and Matthew Eric Baker, Assistant
Public Defender, Orlando, for
Respondent, Kevin Robert
McQueeny-Gonzalez.


PALMER J.

Orange County, Florida (Orange County) filed the instant petition requesting a writ of certiorari, seeking the quashal of a sentencing order. Because the sentencing court erred in entering a county jail sentence that exceeded one year, we grant the petition, quash the sentencing order, and remand for re-sentencing.

Kevin Robert McQueeny-Gonzalez was convicted of committing burglary of a dwelling with an assault or a battery, a first-degree felony. § 810.02(2)(a), Fla. Stat. (2011). The trial court sentenced him to 750 days in the Orange County Jail, with credit for 386 days of time-served followed by two years of community control. Orange County filed a motion challenging this sentence, asserting that the defendant should be serving his sentence in the Department of Corrections, not in the County Jail, because his sentence exceeds one year. See §§ 922.051; 775.08(1), Fla. Stat. (2014). The trial court denied the motion, and the County then filed the instant petition.[1]

To be entitled to receive certiorari relief, the County "must demonstrate that the contested order constitutes '(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case[,] (3) that cannot be corrected on postjudgment appeal.'" Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., 99 So. 3d 450, 454 (Fla. 2012) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004)).

Section 775.08(1) of the Florida Statues defines a felony as being "any criminal offense that is punishable under the laws of this state, or that would be punishable if

---

[1] A certiorari petition is the proper appellate remedy, as the County was not a party to the judgment and sentence, but was adversely affected by it. See Dade Cnty v. Baker, 258 So. 2d 511, 512-14 (Fla. 3d DCA 1972) (Carroll, J., dissenting), adopted by Dade Cnty v. Baker, 265 So. 2d 700, 701 (Fla. 1972); Dep't of Corr. v. Harrison, 896 So. 2d 868 (Fla. 5th DCA 2005)); Dep't of Corr. v. Grubbs, 884 So. 2d 114 (Fla. 2d DCA 2004).

committed in this state, by death or imprisonment in a state penitentiary. . . . A person shall be imprisoned in the state penitentiary for each sentence which . . . exceeds 1 year." (internal quotation marks omitted). Section 922.051 provides:

> **Imprisonment in county jail, term of 1 year or less**
> When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of a prisoner's cumulative sentences is not more than one year.

It is not the effective amount of time that a defendant will actually spend incarcerated after receiving credit for time-served that controls the legality of a sentence, but instead, the actual length of the sentence propounded by the trial court. Dade County v. Baker, 258 So. 2d 511,512-14 (Fla. 3d DCA 1972) (Carroll, J., dissenting), adopted by Dade County v. Baker, 265 So. 2d 700, 701 (Fla. 1972). As such, the defendant's sentence is illegal because no judge is authorized to sentence a defendant on a felony conviction to 750 days in the County Jail.

Accordingly, the trial court's sentencing order is quashed and this matter is remanded to the trial court for the imposition of a legal sentence. Since the defendant was sentenced as a result of a negotiated plea, under Dade County, the defendant must be given the opportunity to withdraw his plea, if he so desires.

Petition GRANTED; Order QUASHED; Cause REMANDED.


EVANDER and WALLIS, JJ., concur.

3