VAN NORTWICK, Judge.
Debra Hayes, also known as Deborah At-more, was charged with two counts of felony petit theft and, upon a plea of no contest, she was adjudicated guilty. In Case No. 95-235 Hayes was placed on probation on condition that she spend 364 days in jail and, in Case No. 95-236, she was placed on community *1171 control and probation. During her probationary period, Hayes violated the terms of probation by committing the felony of attempted sale of cocaine (Case No. 95-1453). Hayes appeared for sentencing on all three cases at a single hearing. The sentencing guidelines scoresheet for all three felonies called for a nonstate prison sanction. Her probation was revoked, and the trial court adjudicated her guilty of both felony petit thefts and sentenced her to concurrent terms of 364 days in jail. On the new charge of attempted sale of cocaine, she was adjudicated guilty and sentenced to 364 days in jail, to be served consecutive to the other sentences.
The appellant asserts that the trial court erred by imposing consecutive one-year county jail sentences at the same hearing disposing of sentencing in all pending felony cases. The appellee concedes error under Singleton v. State, 554 So.2d 1162 (Fla.1990). Accordingly, we reverse and remand for imposition of concurrent sentences. § 922.051, Fla.Stat.; Gilbert v. State, 661 So.2d 960 (Fla. 3d DCA 1995) (where a defendant is sentenced for felony charges only and is not already serving county jail time on another ease, incarceration in the county jail may not exceed one year).
REVERSING and REMANDING sentence, with instructions.
ERVIN and MINER, JJ., concur.