CAMPBELL, Judge.
Appellant challenges his sentence following the revocation of his probation. We agree that the trial court erred in sentencing appellant to more than one year in county jail since the recommended guideline range for his offense was “any nonstate prison sanction.”
Appellant pleaded guilty to a felony charge and a misdemeanor charge in two separate cases. In both cases, appellant was sentenced to two years’ probation on the felony charges, and one year’s probation on the misdemeanor charges. All counts were to run concurrently. Appellant subsequently admitted to violating his probation, and after a hearing, his probation was revoked. Although the recommended guideline range was “any nonstate prison sanction,” the trial court sentenced appellant to two consecutive terms of one year in county jail followed by one year of probation.
The Florida Supreme Court ruled in Singleton v. State, 554 So.2d 1162 (Fla.1990), that a recommended guidelines range of “any nonstate prison sanction” prohibits successive sentences to county jail when the cumulative effect exceeds one year if the sentences for various pending offenses are imposed at the same sentencing hearing. Singleton; § 922.051, Fla. Stat. (1995). Due to the fact that appellant’s sentences were to run consecutively; appellant received 728 days in county jail followed by two years’ probation. The state concedes that appellant’s sentence is legally impermissible.
DANAHY, A.C.J., and QUINCE, J., concur.