GREEN, Judge.
Terry Bradley timely appeals the trial court’s order revoking his community control and sentencing him to eleven months and twenty-nine days in county jail in felony case numbers 97-1300 and 97-2314, to run concurrently, and to eleven months and twenty-nine days in county jail in felony case number 96-2131, to run consecutively to cases 97-1300 and 97-2314. We affirm the revocation of community control but reverse the sentences with directions.
The order revoking Bradley’s community control was based upon a willful and substantial violation of his conditions of community control. We therefore affirm Bradley’s revocation without further discussion.
However, we reverse the sentences imposed upon Bradley. Bradley’s guidelines range recommended “any nonstate prison sanction.” Bradley was sentenced to concurrent sentences of eleven months and twenty-nine days in county jail for case numbers 97-1300 and 97-2314, to run consecutively to a sentence of eleven months and twenty-nine days in county jail for case number 96-2131. This sentence provided Bradley with a cumulative sentence of well over one year in county jail.
The supreme court held in Singleton v. State, 554 So.2d 1162 (Fla.1990), that a recommended guidelines range of “any nonstate prison sanction” prohibits successive sentences to county jail when the cumulative effect exceeds one year, if the sentences are for various pending offenses and are imposed at the same sentencing hearing. All of Bradley’s sentences were imposed at one hearing, his recommended range was for a nonstate prison sanction, and the cumulative effect of his sentence exceeded one year. Since Bradley’s sentences meet all of the criteria set out in Singleton, his sentences must be reversed. See Mills v. State, 740 So.2d 1214 (Fla. 2d DCA 1999); Monteleone v. State, 702 So.2d 595 (Fla. 2d DCA 1997).
We also note that while we have a written order revoking Bradley’s community control as to cases 96-2131 and 97-1300 contained in the same order, we do not have a written order revoking his community control for case number 97-2314. Thus, a written order must be entered revoking Bradley’s community control for case 97-2314.
We therefore affirm the orders revoking Bradley’s community control but reverse all sentences with directions that a written order revoking Bradley’s community control be entered in case number 97-2314 and that he be resentenced pursuant to Singleton.
Orders of revocation affirmed; sentences reversed and remanded with directions.
PARKER, A.C.J., and CASANUEVA, J., Concur.