HARRIS, Judge.
Todd Lusink appeals his consecutive county jail sentences totaling more than one year. We agree this was improper and reverse.
In October, 1989, Lusink pled nolo con-tendere to uttering a forged instrument and sentence was deferred until the resolution of an additional pending felony. In July, 1990, Lusink pled nolo contendere to an additional uttering a forged instrument charge. Sentence on both cases was set for September, 1990.
Two scoresheets appear in the record both showing 39 points. One, however, (and apparently the one relied on by the sentencing judge) shows a recommended range of “any non-state prison sanction”. The other scoresheet, and the correct one, reflects a recommended range of “community control or 12-30 months incarceration.” The judge sentenced Lusink to two, consecutive periods of 364 days in county jail.
*936 Although both sentences are downward departures from the recommended range, they nevertheless fall within the “permitted range” and no reason for departure need be given. Section 922.051 Florida Statutes (1989) provides:
Imprisonment in county jail, term of one year or less. When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner’s cumulative sentences is not more than one year.
The supreme court has recently held that this statute bars consecutive jail terms exceeding one year when multiple sentences are imposed using a single scoresheet. Singleton v. State, 554 So.2d 1162 (Fla.1990).
REVERSED and REMANDED for re-sentencing.
SHARP, W., and COWART, JJ., concur.