635 So.2d 1007 (1994)
Kenneth CARSON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2339.
District Court of Appeal of Florida, Fifth District.
April 22, 1994.
*1008 James B. Gibson, Public Defender and Sean K. Ahmed, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
Defendant, Kenneth Carson, appeals his sentences imposed in three separate cases. In lower case number 91-11631-CF-A, Carson was charged with uttering a forged instrument. In lower case number 91-13448-CF-A, he was charged in count I with possession of cocaine and in count II with possession of less than 20 grams of cannabis. He entered pleas of no contest to the charges and was placed on two years community control on each case, to run concurrently. He was assessed court costs and given credit for all time served.
Carson violated his community control by being arrested and charged in a new information with three counts of uttering a forgery in lower case number 92-1973-CF-A. He entered pleas of nolo contendere to the three counts of uttering a forgery and was again placed on community control. His community control was to run concurrently with his previous community control orders. Carson violated the conditions of his community control and entered pleas of no contest to each violation of community control. Prior to his sentencing for violating community control, Carson had a bench trial for contempt of court. Carson had been ordered to stay away from Juanita Elizabeth Wolfe as a condition of community control. She testified he had stalked her and threatened her with a knife. The trial judge found him guilty and sentenced Carson to six months in the Brevard County Jail.
At his sentencing, the trial judge revoked Carson's community control and sentenced Carson to a consecutive sentence of four years in the Brevard County Jail. Carson was sentenced to 365 days in the county jail on each count in each case. All of the felony sentences run consecutively to the six month contempt sentence, except count three of 92-1973-CF-A, which runs concurrently. Carson appeals his four year sentence in the Brevard County Jail on felony charges. We affirm the convictions, but we reverse the sentences.
It was error for the trial court to sentence Carson to four consecutive years in the Brevard County Jail when the sentences imposed were for felony crimes. See Singleton v. State, 554 So.2d 1162 (Fla. 1990); Lusink v. State, 576 So.2d 935 (Fla. 5th DCA 1991) (reversing consecutive county jail sentences exceeding one year which were imposed after the defendant pled nolo contendere to two charges of uttering a forgery and remanding for resentencing).
This court recognizes that a defendant can be sentenced to more than one year in the county jail if convicted of multiple misdemeanor offenses. Gwynn v. Orange County Bd. of County Comm'rs, 527 So.2d 866 (Fla. 5th DCA 1988). Carson, however, was convicted of felonies and not misdemeanors, therefore his four year sentence is improper. The state concedes error as to his sentence. The convictions are affirmed, but the sentences are reversed and the case is remanded for resentencing.
At resentencing, the trial court shall impose a guideline sentence. Pursuant to statute and case law, Carson's guideline sentence may be increased one cell for each violation of community control. See Fla.R.Crim.P. 3.988(d)(14). Consequently, Carson's sentencing guideline scoresheet which allowed the trial court to sentence Carson within the recommended range to community control or *1009 20 to 30 months incarceration with a permitted range of any non-state prison sanction or community control or one to three and one-half years incarceration can be increased to a recommended range of two and one-half to three and one-half years with a permitted range of community control or one to four and one-half years incarceration. See State v. Tito, 616 So.2d 39 (Fla. 1993) (citing Williams v. State, 594 So.2d 273 (Fla. 1992)). This sentence shall run consecutive to his contempt sentence.
AFFIRMED in part; REVERSED in part.
DAUKSCH and GRIFFIN, JJ., concur.