637 So.2d 945 (1994)
Richard Raymond FLEMING, Appellant,
v.
STATE of Florida, Appellee.
No. 93-818.
District Court of Appeal of Florida, Fifth District.
May 27, 1994.
*946 Robert J. Buonauro of Robert J. Buonauro, P.A., Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Fleming appeals his judgment and sentence after a jury convicted him of Count I, vehicular homicide;[1] and Count II, DUI serious bodily injury.[2] We affirm the judgment, but reverse the sentence for Count II in part.
The trial judge sentenced Fleming to five years in the DOC for the vehicular homicide conviction, and a consecutive five years on probation with the condition that Fleming serve one year in county jail for the DUI serious bodily injury conviction. Fleming claims that section 922.051 prohibits the imposition of the one year county jail term as a condition or probation. The statute provides:
[w]hen a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner's cumulative sentences is not more than one year.
If a defendant is sentenced for several offenses at the same time, he cannot be sentenced to more than a one year stint in the county jail. In Singleton v. State, 554 So.2d 1162 (Fla. 1990), the Florida Supreme Court held that sentences imposed for various offenses at the same hearing may not cumulatively exceed one year in the county jail. This court followed Singleton in Lusink v. State, 576 So.2d 935 (Fla. 5th DCA 1991).
This case is distinguishable from Singleton and Lusink, since although it includes cumulative sentences for multiple offenses totalling more than one year, only one year is to be spent in the county jail. Nevertheless, this pattern of sentence appears to run afoul of the language of the statutes quoted above:
[t]he court may impose a sentence of imprisonment in the county jail if the total of the prisoner's cumulative sentences is not more than one year. (emphasis supplied).
We therefore vacate Fleming's sentence for DUI and remand for resentencing. In all other respects, the judgment and the other sentence are affirmed.
AFFIRMED in part; DUI sentence VACATED; REMANDED for resentencing.
GOSHORN and DIAMANTIS, JJ., concur.
NOTES
[1] § 316.193, Fla. Stat. (1991).
[2] § 316.193, Fla. Stat. (1991).