639 So.2d 694 (1994)
Anthony Devere DEWITT, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2192.
District Court of Appeal of Florida, Fifth District.
July 8, 1994.
*695 James B. Gibson, Public Defender and Sean K. Ahmed, Asst. Public Defender, Daytona Beach, for appellant.
No appearance for appellee.
PER CURIAM.
Anthony Dewitt pled nolo contendere and was adjudicated guilty of one count of robbery[1] (count I) and two counts of battery[2] (counts II and III). The robbery count was a second-degree felony; both battery counts were misdemeanors. The recommended guidelines sentence was 7 to 9 years. He was sentenced, however, to a total of 20 months in the county jail, imposed as follows: For count I, he was sentenced to one year in the county jail to be followed by three years probation; for count II, he was sentenced to four months in the county jail, consecutive to the incarceration in count I; and for count III, he was sentenced to four months in the county jail, consecutive to the incarceration in count II. At the sentencing hearing, the trial court explicitly stated that Dewitt would be on probation while serving his sentences for counts II and III in the county jail. The court also ordered a public defender's lien of $200 at the hearing without apprising Dewitt of his right to a hearing to contest the amount.
We find three errors in connection with Dewitt's sentence. First, it was error to impose consecutive sentences on the felony and misdemeanor counts for an aggregate imposition exceeding one year in the county jail. Singleton v. State, 554 So.2d 1162 (Fla. 1990), approving, Kline v. State, 509 So.2d 1178 (Fla. 1st DCA 1987) (improper under section 922.051, Florida Statutes to impose county jail time on felony consecutive to county jail time on misdemeanor when cumulative sentence exceeds one year). Compare Gwynn v. Orange County Bd. of Comm'rs, 527 So.2d 866 (Fla. 5th DCA 1988) (consecutive sentences resulting in aggregate sentence of more than one year in county jail permissible when all offenses are misdemeanors).
Second, it was error to order probation on count I to be served simultaneously with incarceration on counts II and III. Hill v. State, 624 So.2d 417 (Fla. 2d DCA 1993). Third, it was error to impose a public defender's lien at the hearing without apprising Dewitt of his right under Rule 3.720(d)(1) to a hearing to challenge the amount. Fulmore v. State, 634 So.2d 829 (Fla. 5th DCA 1994); Smith v. State, 622 So.2d 638 (Fla. 5th DCA 1993).
REVERSED and REMANDED.
GOSHORN, GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] § 812.13(2), Fla. Stat. (1993).
[2] § 784.03, Fla. Stat. (1993).