640 So.2d 1250 (1994)
James ARMSTRONG, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1466.
District Court of Appeal of Florida, Fifth District.
August 12, 1994.
James Armstrong, pro se.
No Appearance, for appellee.
HARRIS, Chief Judge.
James Armstrong appeals the denial of his Rule 3.800(a) motion to correct an illegal sentence. We affirm.
He has raised only one issue that deserves discussion. Armstrong was originally placed on probation for committing two first-degree misdemeanors. When he subsequently pled no contest to violating his probation, he received consecutive one-year jail sentences for each misdemeanor. He claims that his two-year sentence to the county jail is contrary to the holding in McGauley v. State, 632 So.2d 1154 (Fla. 4th DCA 1994).
While it is true that McGauley holds that consecutive one-year jail sentences for misdemeanor convictions are not permitted, because we believe that McGauley misapplies Singleton v. State, 554 So.2d 1162 (Fla. 1990), we have elected not to follow it. In Singleton, the issue was whether one could be sentenced to consecutive terms in the county jail exceeding one year on two felony charges under a sentencing guideline scoresheet which recommended "any non-state prison sanction." The supreme court ruled that such sentences would not be permitted under the guidelines if imposed at the same sentencing hearing.
In McGauley, however, as in this case, the defendant was being sentenced for two misdemeanors. Since guideline sentencing is inapplicable to misdemeanors, Singleton is irrelevant. We held in Carson v. State, 635 So.2d 1007 (Fla. 5th DCA 1994), that consecutive jail sentences that exceed one year for misdemeanors, as opposed to felonies, are permitted.
We acknowledge conflict with McGauley.
AFFIRMED.
COBB and DIAMANTIS, JJ., concur.