653 So.2d 1108 (1995)
Shedrick McGAULEY, Petitioner,
v.
The Hon. Barry E. GOLDSTEIN, Circuit Judge, Seventeenth Judicial Circuit, in Broward County, Florida, Respondent.
No. 95-0937.
District Court of Appeal of Florida, Fourth District.
April 19, 1995.
Gabriel L. Grasso of Gabriel L. Grasso, P.A., Fort Lauderdale, for petitioner.
*1109 Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for respondent.
FARMER, Judge.
In denying petitioner's prayer to disqualify the trial judge presiding over his criminal cases, we reject his allegation that the judge's sentencing of him in a previous case gives him a well-grounded fear of bias and prejudice by this judge. Although the sentence was ultimately reversed, we cannot agree that the reversal demonstrates that the trial judge so disregarded established precedent that bias is a fair conclusion.
Petitioner is currently charged with a violation of community control, battery of a law enforcement officer, resisting arrest with violence, aggravated battery with a firearm, and possession of cocaine. In his previous criminal case he was convicted of two misdemeanors and sentenced, without objection on his part, to consecutive one-year terms in the county jail. On appeal from those convictions, he argued that the sentences were illegal under Singleton v. State, 554 So.2d 1162 (Fla. 1990). The state conceded that the sentences were illegal, a concession that we obviously accepted because we reversed them. McGauley v. State, 632 So.2d 1154 (Fla. 4th DCA 1994).
Petitioner concedes that the inquiry "focuses on the reasonableness of the defendant's belief that he or she will not receive a fair hearing." Rogers v. State, 630 So.2d 513 (Fla. 1993). He suggests that the question is not whether the judge erred in imposing the previous sentences, but whether he has reasonable grounds to fear that the judge "is out to get him." He argues that under the above background facts he has a well-grounded fear that "the trial court previously defied the law to unfairly punish" him. We do not agree.
Although this court accepted the state's concession that the sentences were illegal and reversed on the basis of Singleton, we did not specifically address the precise issue presented. That was whether Singleton might be fairly limited to separate felony convictions. In Singleton, where the county jail time exceeded one year, the convictions were for separate felonies, and the sentencing guideline scoresheet recommendation was "any non-state prison sanction." In McGauley, the convictions were for separate misdemeanor violations.
This trial judge perspicaciously anticipated the decision of the fifth district in Armstrong v. State, 640 So.2d 1250 (Fla. 5th DCA), review granted, 650 So.2d 989 (1994). There that court elected not to follow McGauley and held that, because "guideline sentencing is inapplicable to misdemeanor convictions, Singleton is irrelevant." 640 So.2d at 1250. As the Armstrong court noted, it had previously held in Gwynn v. Orange County Board of County Commissioners, 527 So.2d 866 (Fla. 5th DCA 1988), that a defendant can be sentenced to more than one year in the county jail if convicted of multiple misdemeanors.
When there is no binding precedent from the supreme court or this court, a trial judge is bound to follow the decisions of other district courts of appeal on point. Weiman v. McHaffie, 448 So.2d 1127 (Fla. 1984); State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976). In the absence of other district court precedent, the judge must make an independent exercise of judgment. Hence, in reaching his decision to sentence defendant in the earlier cases to county jail time in excess of a year, this trial judge was actually carrying out his duties in precisely the manner contemplated by our law. The mere fact that we later disagreed with another district's holding or the trial judge's independent exercise of judgment in no way suggests that our trial judge has a bias or a prejudice contrary to the parties. In this case, therefore, we are strong in our conclusion that Judge Goldstein has demonstrated no bias or prejudice against petitioner merely because he carried out his judicial duties in following extant precedent. On the record before us, there is no reasonable basis for petitioner to fear that he cannot get a fair trial from him.
And even though we initially thought that petitioner's attempt to disqualify had prima facie merit, we nevertheless also deny the writ because of his tardiness in raising the issue. The state has made a strong showing that the motion to disqualify was *1110 brought more than 10 days after the grounds were made known to him. See Fla.R.Jud. Adm. 2.160(e) (1994). Petitioner's present counsel also represented him in the prior case, and he was appointed to represent him in the current cases in December 1994. He did not raise the disqualification issue until February 1995. We conclude that even if meritorious, the motion to disqualify was too late. See Foley v. Fleet, 644 So.2d 551 (Fla. 4th DCA 1994).
PROHIBITION DENIED.
GUNTHER and PARIENTE, JJ., concur.