656 So.2d 455 (1995)
James ARMSTRONG, Petitioner,
v.
STATE of Florida, Respondent.
No. 84283.
Supreme Court of Florida.
May 18, 1995.
*456 James Armstrong, Polk City, pro se.
Robert A. Butterworth, Atty. Gen. and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for respondent.
GRIMES, Chief Justice.
We have for review Armstrong v. State, 640 So.2d 1250 (Fla. 5th DCA 1994), which expressly and directly conflicts with McGauley v. State, 632 So.2d 1154 (Fla. 4th DCA 1994), on the issue of whether a defendant may be sentenced to consecutive terms in county jail exceeding one year if convicted of multiple misdemeanors. We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
James Armstrong was placed on probation for committing two first-degree misdemeanors. Thereafter, Armstrong pled no contest to violating his probation and received consecutive one-year county jail terms for each misdemeanor. Armstrong filed a motion under Florida Rule of Criminal Procedure 3.800(a), contending that his sentences were illegal. The trial court denied the motion. On appeal Armstrong argued, relying on McGauley, that his two consecutive one-year county jail sentences were illegal. However, the district court of appeal affirmed Armstrong's sentence. The court concluded that McGauley had misapplied this Court's decision in Singleton v. State, 554 So.2d 1162 (Fla. 1990).
In Singleton, this Court considered the issue of "whether the recommended [sentencing] guidelines range of `any nonstate prison sanction' ... permits imprisonment in county jail when the cumulative effect of successive sentences exceeds one year." Singleton, 554 So.2d at 1162-63. In reconciling the sentencing guidelines and section 922.051, Florida Statutes (1987), this Court concluded that the one-year county jail limitation of section 922.051 applies to sentences imposed under the guidelines at the same sentencing hearing. Id. at 1164. Section 922.051 provides: "When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner's cumulative sentences is not more than 1 year." § 922.051, Florida Statutes (1987) (emphasis added).
Unlike the crimes under consideration in Singleton, Armstrong was convicted of two misdemeanors. There is no statutory authority for incarcerating misdemeanants in state prison. By its plain language, section 922.051 does not apply to misdemeanors. Likewise, the sentencing guidelines do not apply to misdemeanors. Singleton, 554 So.2d at 1164 n. 2. Consequently, Singleton is not dispositive of the issue on appeal and the McGauley court erred in holding otherwise.[1] We agree with those decisions which have held that consecutive county jail sentences that exceed one year for misdemeanors, as opposed to felonies, are permitted. Carson v. State, 635 So.2d 1007 (Fla. 5th DCA 1994); Gwynn v. Orange County Bd. of County Comm'rs, 527 So.2d 866 (Fla. 5th DCA 1988); Amrein v. State, 504 So.2d 783 (Fla. 1st DCA 1987); Mancebo v. State, 338 So.2d 268 (Fla. 3d DCA 1976).
We acknowledge that under this interpretation it is possible that a person convicted of two felonies could be sentenced to only one year in county jail, depending upon the sentencing guidelines, whereas a person committing two misdemeanors may receive consecutive one-year terms. However, we find that it is properly within the purview of the legislature *457 to weigh the various policy considerations and determine whether defendants should be sentenced to more than a year in county jail if convicted of multiple misdemeanors.
For the foregoing reasons, we approve the decision of the district court of appeal in this case and disapprove McGauley v. State, 632 So.2d 1154 (Fla. 4th DCA 1994).
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] In fairness to the McGauley court, the State had conceded error in that case.