DAUKSCH, Judge.
This is an appeal from a sentence.
The question on appeal is whether it is legal to sentence a person convicted of both a felony and a misdemeanor to consecutive terms in the county jail, if the aggregated sentences exceed one year. We answer in the negative and certify the question as being one of great public importance.
In Dewitt v. State, 639 So.2d 694 (Fla. 5th DCA 1994), this court held that “it was error to impose consecutive sentences on the felony and misdemeanor counts for an aggregate *572 imposition exceeding one year in the county jail.” Id. at 695. Citing Singleton v. State, 554 So.2d 1162 (Fla.1990) and Kline v. State, 509 So.2d 1178 (Fla. 1st DCA 1987), this court “reversed” the sentence.
Those cases are on point here because appellant was sentenced at one sentencing hearing to two sentences which exceed one year in the county jail. Because one conviction was for a felony and one for a misdemeanor, the sentences are illegal pursuant to Singleton. However, had both been misdemeanors then the sentences would have been legal. Obviously, this is logically indefensible and unjust, as is mentioned in Armstrong v. State, 656 So.2d 455 (Fla.1995). Is it fair for one convicted of two misdemeanors to be subject to a greater penalty than one convicted of a felony and a misdemeanor? No. We certify the following question to the supreme court as one of great public importance:
CAN ARMSTRONG BE APPLIED TO A CASE IN WHICH A DEFENDANT IS CONVICTED OF A FELONY AND A MISDEMEANOR?
Sentence VACATED; REMANDED for resentencing in accordance with Dewitt v. State 639 So.2d 694 (Fla. 5th DCA 1994).
W. SHARP and THOMPSON, JJ., concur.