THOMPSON, Judge.
Bennie Troutman (herein “Troutman”) appeals the imposition of consecutive sentences in the county jail, the aggregate of which exceeds one year. The state concedes that these sentences were improper. We vacate the sentences and remand for resentencing.
Troutman entered a plea of nolo contende-re and was adjudicated guilty of one felony (Count I) and two misdemeanors (Counts II and III). Count I was unlawful possession of a controlled substance,[1] Count II was unlawful possession of a controlled substance,[2] and Count III was unlawful possession and use of drug paraphernalia.[3] Troutman was sentenced to 364 days on each count, to be served consecutively. The Florida Supreme Court has approved the decision of this court *341 which held proper consecutive sentences, the aggregate of which exceed one year in the county jail, where all the crimes for which the sentences are imposed are misdemeanors. See Armstrong v. State, 640 So.2d 1250 (Fla. 5th DCA 1994), approved Armstrong v. State, 656 So.2d 455 (Fla.1995). This court, however, has expressly disapproved sentences in the county jail where the aggregate exceeds one year, if any of the convictions is a felony. Locke v. State, 656 So.2d 571 (Fla. 5th DCA 1995); see also Singleton v. State, 554 So.2d 1162 (Fla.1990), approving Kline v. State, 509 So.2d 1178 (Fla. 1st DCA 1987). In the instant ease, because one of the convictions was a felony, the trial court must resentence Troutman.
We certify the following question to the supreme court as one of great public importance:
CAN ARMSTRONG BE APPLIED TO A CASE IN WHICH A DEFENDANT IS CONVICTED OF A FELONY AND MISDEMEANOR?
Sentences VACATED; REMANDED for resentencing in accordance with Locke v. State, 656 So.2d 571 (Fla. 5th DCA 1995).
DAUKSCH and COBB, JJ., concur.

. § 893.13(6)(a), Fla.Stat. (1993).

. § 893.13(6)(b), Fla.Stat. (1993).

.§ 893.147(1), Fla.Stat. (1993).