PER CURIAM.
This is an appeal from the sentences imposed after a finding of probation violations on three felony cases. In case nos. 94-2654 and 94-2916, both involving fraudulent use of a credit card and the use of a single score-sheet, adjudication was withheld and appellant received three years of probation in each case to run concurrent with each other. Appellant’s seoresheet scored him in the non-state prison cell. In case no. 94-9685, which involved four counts of obtaining property with worthless checks, adjudication was withheld and appellant was sentenced to two years probation on each count to run concurrent with each count and any sentence currently being served. Although the score-sheet did not specify, it is undisputed that appellant again fell within the nonstate prison cell.
Appellant’s probation was revoked in each of the cases for a burglary and failure to pay a certain amount pursuant to his probation orders. At a single hearing, appellant was adjudicated guilty in all three of the underlying felony cases and sentenced in all three cases. In case nos. 94-2654 and 94-2916, appellant was sentenced to twelve months county jail, to run concurrently. In case no. 94-9685, appellant was sentenced to one year county jail to run consecutive to the sentences in case nos. 94-2654 and 94-2916.
The issue is whether the trial court erred in imposing, at a single sentencing hearing, consecutive one-year county jail sentences on the felonies. We conclude that it did. See Singleton v. State, 554 So.2d 1162, 1163 (Fla.1990); Armstrong v. State, 656 So.2d 455 (Fla.1995); Cheney v. State, 640 So.2d 103 (Fla. 4th DCA1994). The reasoning of these cases is based on section 922.051, Florida Statutes (1993), which provides:
When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner’s cumulative sentences is not more than 1 year.
Although the state in our appeal argues that the above interpretation of section 922.051 should not be applied because it is illogical that one convicted of two felonies could receive a lighter sentence than one convicted of two misdemeanors, the state fails to point out that the supreme court directly addressed this incongruity in Armstrong and determined that it was for the ■legislature to handle. Accordingly, we reverse appellant’s sentence and remand for resentencing.
GLICKSTEIN, WARNER and KLEIN, JJ., concur.