PER CURIAM.
In this case we vacate the sentence imposed and remand for resentencing. On October 18, 1995 the defendant pleaded guilty to dealing in stolen property, a second degree felony. § 812.019(1), Fla.Stat. (1995). That same day, in an unrelated case, the defendant admitted to a probation violation. On the dealing in stolen property charge the court sentenced the defendant to probation and as a special condition thereof sentenced him to 364 days in the county jail. At the same sentencing hearing, in the probation violation case, the court extended the defendant’s probation and again, ordered that he serve 364 days in the county jail.
The court ordered that the probationary periods be served concurrently. The court also ordered, however, that the county jail terms be served consecutively. It is this latter portion of the sentence that the defendant, correctly, contends is error. ‘Where a defendant is sentenced for felony charges only and is not already serving county jail time on another case, incarceration in the county jail may not exceed one year.” Gilbert v. State, 661 So.2d 960, 961 (Fla. 3d DCA 1995) (citing § 922.051, Fla.Stat. (1993) and Singleton v. State, 554 So.2d 1162 (Fla.1990)); see Cheney v. State, 640 So.2d 103 (Fla. 4th DCA 1994); Dewitt v. State, 639 So.2d 694 (Fla. 5th DCA 1994); Carson v. State, 635 So.2d 1007 (Fla. 5th DCA 1994); Kline v. State, 509 So.2d 1178 (Fla. 1st DCA 1987).
Accordingly, the sentence imposed is vacated and the cause remanded for resentenc-ing.