GRIMES, Justice.
We review Troutman v. State, 668 So.2d 340 (Fla. 5th DCA 1996), in which the court certified the following question as one of great públic importance:
CAN ARMSTRONG [v. STATE, 656 So.2d 455 (Fla.1995),] BE APPLIED TO A CASE IN WHICH A DEFENDANT IS CONVICTED OF A FELONY AND MISDEMEANOR?
Id. at 341. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Troutman was convicted of one felony and two misdemeanors. The sentencing guideline recommendation was “any nonstate prison sentence.” Troutman was sentenced to 364 days of county jail time on each count, to be served consecutively. Troutman appealed the sentence. The district court ordered Troutman to be resentenced pursuant to pri- or decisions disapproving sentences in the county jail where the aggregate exceeded one year if any of the convictions was a felony. See Singleton v. State, 554 So.2d 1162 (Fla.1990) (approving Kline v. State, 509 So.2d 1178 (Fla. 1st DCA 1987)); Locke v. State, 656 So.2d 571 (Fla. 5th DCA 1995). However, noting that in Armstrong this Court approved consecutive county jail sentences exceeding one year for a defendant convicted of two misdemeanors, the court certified the question quoted above.
This case involves the interpretation of section 922.051, Florida Statutes (1995), which reads as follows:
Imprisonment in county jail, term of 1 year or less. — When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner’s cumulative sentences is not more than 1 year.
In Dade County v. Baker, 265 So.2d 700 (Fla.1972), we adopted Judge Carroll’s dissenting opinion in which he interpreted section 922.051 to mean that a person convicted of multiple felonies could not be sentenced to county jail for a period in excess of one year. In support of his position that section 922.051 prohibits county jail terms in excess of one year for a felony conviction, Judge Carroll observed:
[Pjolicies supporting the legislative intent logically may be assumed to have included an awareness by the legislature that county jails are intended basically for short or interim periods of detention, and are lacking in facilities such as libraries, classroom instruction, occupational training, athletic or recreational facilities, and rehabilitative procedures in general as may be provided in state prisons, for benefit of those serving longer terms there. In the light of such considerations it would appear that the statutory prohibition against imposing cumulative (felony) sentences which would imprison a person in the county jail for a period of more than one year necessarily should be applicable to cumulative one year sentences for offenses that were charged and prosecuted under separate in *1292 dictments or informations as well as to sentences for such offenses that result from a prosecution under a single charging instrument.
Dade County v. Baker, 258 So.2d 511, 514 (Fla. 3d DCA 1972) (Carroll, J., dissenting), quashed, 265 So.2d 700 (Fla.1972).
Then in Singleton, 554 So.2d at 1164, we approved Kline, which held that consecutive sentences to the county jail of 364 days each for a felony and a misdemeanor violated section 922.051. We also took the opportunity in Singleton to refine our decision in Baker and held that the one-year county jail limitation of section 922.051 did not preclude the imposition of an additional county jail sentence on a defendant already serving county jail time for a prior conviction, even though the jail time for the new felony offense would cause the defendant’s total time in county jail to exceed one year.
More recently, we rendered our decision in Armstrong v. State, 656 So.2d 455 (Fla.1995), to which the certified question refers. In that case, we held that there was no prohibition against imposing consecutive county jail sentences for multiple misdemeanors when the total time of the sentences exceeded one-year because section 922.051 does not apply to misdemeanors. At the same time, we stated:
We acknowledge that under this interpretation it is possible that a person convicted of two felonies could be sentenced to only one year in county jail, depending upon the sentencing guidelines, whereas a person committing two misdemeanors may receive consecutive one-year terms. However, we find that it is properly within the purview of the legislature to weigh the various policy considerations and determine whether defendants should be sentenced to more than a year in county jail if convicted of multiple misdemeanors.
Id. at 456-57.
The legislature has not acted to address this situation, and a variation of the anomaly we envisioned in Armstrong has now come to pass. If Troutman had been sentenced to a state prison term, he could have been required to serve more than a one-year term for his crimes. However, Troutman could not have been sentenced to state prison unless the trial judge departed from the sentencing guidelines. Yet, because one of the crimes of which Troutman was convicted is a felony, he cannot be sentenced to county jail for that felony when the total of the sentences exceeds one year.
Armstrong involved only misdemeanors. Therefore, Armstrong is inapplicable to the case at bar to the extent that Troutman was sentenced for a felony. However, under Armstrong, there is nothing to prevent Troutman from being given consecutive sentences in the county jail for his misdemeanors, providing his nonstate prison sanction for the felony does not include a sentence in the county jail.
As framed, we answer the certified question in the negative. As interpreted herein, we approve the decision of the court below and remand the case for resentencing consistent with this opinion.
It is so ordered.
OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.