SHARP, W., J.
Fudge appeals from his judgment and sentences for leaving the scene of an accident involving injury,[1] driving with a suspended license[2] and reckless driving.[3] On appeal, Fudge argues that only felonies qualify as additional offenses under the sentencing guidelines and thus the trial court erred in using the reckless driving offense, a misdemeanor, as an additional offense to score victim injury points. We disagree and affirm.
Fudge is correct that the sentencing guidelines apply only to felonies, that is, misdemeanors cannot be scored as primary offenses at conviction. State v. Troutman, 685 So.2d 1290 (Fla.1996); Armstrong v. State, 656 So.2d 455 (Fla.1995); Bordeaux v. State, 471 So.2d 1353 (Fla. 1st DCA 1985). We also acknowledge that the introductory language in section 921.0021 tends to support Fudge’s argument that additional offenses must be felonies:
921.0021 Definitions. — -As used in this chapter, for any felony offense, except any capital felony, committed on or after October 1,1998, the term:
(1) “Additional offense” means any offense other than the primary offense for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense.
(7)(a) “Victim injury” means the physical injury or death suffered by a person as a direct result of the primary offense, or any additional offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense, (emphasis added).
*1188 Nonetheless, courts may depart from the literal meaning of a statute when such literal interpretation would lead to an illogical result or one not intended by the Legislature. Parker v. State, 406 So.2d 1089 (Fla.1981). See also State Farm Mut. Auto. Ins. Co. v. Link, 416 So.2d 875 (Fla. 5th DCA 1982) (courts should not construe a statute in such a manner as to reach an illogical or ineffective conclusion).
We conclude that the Legislature intended for misdemeanors to qualify as “additional offenses.” The Criminal Punishment Code includes misdemeanors as additional offenses. The Criminal Punishment Code worksheet lists misdemeanors under additional offenses and provides that each misdemeanor scores 0.2 points. See § 921.0024(l)(a), Fla. Stat.
Here, the primary offense at conviction was the felony offense of leaving the scene of an accident. The two other offenses, both misdemeanors, were properly listed as “additional offenses.” They were offenses other than the primary offense for which Fudge was convicted and were pending before the court at the time of sentencing of the primary offense. Thus victim injury points for the additional offense of reckless driving were properly scored.
AFFIRMED.
THOMPSON, C.J., ORFINGER, R.B., J., concur.

. § 316.027(l)(a), Fla. Stat.

. § 322.34(2)(a), Fla. Stat.

.§ 316.192, Fla. Stat.