974 So.2d 556 (2008)
David FLORES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1512.
District Court of Appeal of Florida, Fifth District.
February 15, 2008.
*557 James S. Purdy, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
EVANDER, J.
After a jury trial, Flores was convicted of battery, aggravated assault, tampering with a witness, and tampering with evidence. The jury also returned a not guilty verdict on an arson charge. Flores was ultimately sentenced to fifty-one weeks in the county jail for the battery, followed by two concurrent five year prison sentences for aggravated assault and tampering with a witness, followed by a five year prison sentence for tampering with evidence. On appeal, Flores raises two issues. First, he contends that his acquittal on the arson charge required the trial court to vacate his conviction for evidence tampering. Second, Flores contends that the cumulative incarcerative sentences for multiple felony convictions, if ordered to run consecutive to a county jail term, cannot exceed one year. We reject both of Flores' arguments.
The evidence established that two witnesses observed Flores and his brother beating an unidentified individual. The two witnesses yelled at Flores and his brother to stop. Flores and his brother got into a white Cadillac and left the scene. However, shortly thereafter, Flores and his brother returned in the white Cadillac and drove toward the two witnesses. (Flores' brother was the driver.) Flores exited the vehicle, flashed what appeared to be a weapon, and verbally threatened one of the two witnesses. The threatened witness then attempted to run toward an apartment complex. Flores re-entered the Cadillac. Flores' brother drove the vehicle at the witness and eventually hit him. Flores and his brother then fled the scene.
The threatened witness was able to identify Flores from a photo array. Approximately two hours after the incident, police investigators located Flores and his brother at a convenience store in Apopka. The Cadillac was not present. However, Flores had a set of keys in his pocket which he acknowledged were for his mother's white Cadillac. The vehicle was not at Flores' mother's house, but was subsequently discovered at a different location. The vehicle had been "torched." At trial, *558 the State presented expert testimony that the car had been deliberately destroyed by fire.
The white Cadillac was the subject of both the arson count and the evidence tampering count. In the arson count, the State's information alleged that Flores and his brother had "willfully and unlawfully, . . ., by fire or explosion, damaged, or caused to be damaged . . . a motor vehicle." In the evidence tampering count, the State's information alleged that Flores and his brother "did alter, destroy, conceal, or remove . . . a motor vehicle, with the purpose of impairing its verity or availability" in a criminal proceeding or investigation.
Subsequent to the jury verdict, Flores filed a motion to vacate the evidence tampering conviction, alleging that the not guilty verdict on the arson count negated an essential element of the crime of tampering with evidence. We find that the trial court properly denied Flores' motion.
An inconsistent verdict claim presents a pure question of law and is reviewed de novo. Brown v. State, 959 So.2d 218, 220 (Fla.2007). As a general rule, inconsistent verdicts are permitted in Florida because jury verdicts can be the result of lenity and, therefore, do not always speak to the guilt or innocence of a defendant. Id. Inconsistent verdicts may arise from a jury's exercise of its "inherent authority to acquit" a defendant even if the facts support a conviction. State v. Connelly, 748 So.2d 248, 252 (Fla.1999).
The Florida Supreme Court has recognized only one exception to the general rule allowing inconsistent verdicts. This exception is referred to as a "true" inconsistent verdict. A true inconsistent verdict occurs when an acquittal on one count negates a necessary element for conviction on another count. Brown, 959 So.2d at 220; see also State v. Powell, 674 So.2d 731, 732-33 (Fla.1996). The court has expressly declined to extend the truly inconsistent verdict exception to verdicts that are factually inconsistent. Connelly, 748 So.2d at 252.
While the jury's verdict in the instant case was arguably factually inconsistent, it was not a true inconsistent verdict. Arson requires damage by fire or explosion.[1] However, evidence tampering may be established by other means, including alteration, concealment, or removal of an item to impair its verity or availability for a criminal proceeding or investigation.[2] Thus, an acquittal of the arson charge against Flores did not negate a necessary element for a conviction on the evidence tampering charge.
In challenging the validity of his sentence, Flores relies primarily on section 922.051, Florida Statutes (2006), and our *559 decision in Fleming v. State, 637 So.2d 945 (Fla. 5th DCA 1994). Flores' reliance is misplaced.
Section 922.051 provides as follows:
§ 922.051 Imprisonment in County Jail, Term of One Year of Less.
When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of a prisoner's cumulative sentences is not more than one year.
This statute is inapplicable where county jail time is imposed solely for misdemeanors because misdemeanors are not punishable by "imprisonment in a state prison."[3]Armstrong v. State, 656 So.2d 455 (Fla.1995) (consecutive county jail sentences that exceed one year for misdemeanors, as opposed to felonies, are permissible as section 922.051 does not apply to misdemeanors); see also Dade County v. Baker, 265 So.2d 700 (Fla.1972). Accordingly, when a defendant is convicted of both a felony and a misdemeanor, the trial court may properly sentence a defendant to county jail time on the misdemeanor to be followed by a prison sentence on the felony count even if the total of the defendant's cumulative sentences exceeds one year.
By contrast, if a defendant is convicted of both a misdemeanor and a felony, section 922.051 would prevent a court from imposing county jail time for the felony conviction if the total of the defendant's cumulative sentences would exceed one year. Singleton v. State, 554 So.2d 1162 (Fla.1990) (sentence of 364 days in county jail on misdemeanor charge followed by fifteen years probation on felony charge with additional county jail time of 364 days as condition of probation violated section 922.051).
Our Fleming decision is readily distinguishable from the instant case. In Fleming, the defendant was sentenced on two felony charges. We found that section 922.051 prohibited the trial court from imposing a five year prison sentence on one felony count followed by one year in the county jail on the other felony count. In the present case, unlike Fleming, the trial court imposed county jail time solely for a misdemeanor conviction. There was no violation of section 922.051.
AFFIRMED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] § 806.01 Arson.

* * *
(2) Any person who willfully and unlawfully, . . . by fire or explosion, damages or causes to be damaged any structure, whether the property of himself, or herself, or another, . . . is guilty of arson in the second degree. . . .
(3) As used in this chapter, `structure' means any building of any kind . . . any vehicle. . . .
§ 806.01, Fla. Stat. (2006).
[2] § 918.13 Tampering with or Fabricating Physical Evidence.

(1) No person, knowing that a criminal trial or proceeding or an investigation by a duly constituted prosecuting authority, law enforcement agency, grand jury or legislative committee of this state is pending or is about to be instituted, shall:
(a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation.
§ 918.13, Fla. Stat. (2006).
[3] § 775.08, Fla. Stat. (2006).