PER CURIAM.
 

 Angel Vega appeals the trial court’s denial of his Rule 3.800(a) motion to correct illegal sentence. In April 2000, Vega was sentenced to consecutive terms on three counts: (1) possession of cocaine — 15 years in prison; (2) possession of cannabis — one year jail; and (3) possession of drug paraphernalia — one year jail. In his motion, Vega alleged that a sentence of two one-year jail terms consecutive to a prison sentence is illegal. See § 922.051, Fla. Stat. (1999) (providing: “When a statute expressly directs that imprisonment be in a state prison, the court may impose a sentence of imprisonment in the county jail if the total of the prisoner’s cumulative sentences is not more than 1 year”).
 

 Appellant’s claim is without merit. As the trial court explained in its order, section 922.051 prohibits consecutive county jail sentences on felony offenses if the cumulative total exceeds one year. Consecutive misdemeanor county jail sentences are permissible; section 922.051 does not apply to misdemeanors.
 
 Armstrong v. State,
 
 656 So.2d 455, 456 (Fla.1995).
 

 [W]hen a defendant is convicted of both a felony and a misdemeanor, the trial court may properly sentence a defendant to county jail time on the misdemeanor to be followed by a prison sentence on the felony count even if the total of the defendant’s cumulative sentences exceeds one year.
 

 Flores v. State,
 
 974 So.2d 556, 559 (Fla. 5th DCA 2008).
 

 Vega’s jail sentences are for misdemeanors, not for a felony. Section 922.051 does not apply because he was not sentenced to jail time for his felony offense.
 
 Flores,
 
 974 So.2d at 559 (explaining that section 922.051 “is inapplicable where county jail time is imposed solely for misdemeanors because misdemeanors are not punishable by ‘imprisonment in a state prison’ ”).
 

 Affirmed.
 

 WARNER, TAYLOR and HAZOURI, JJ., concur.