EVANDER, J.
Godwin appeals the denial of his motion to correct illegal sentence filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. The State properly concedes error.
Godwin was charged with twenty-three counts of possession of child pornography in violation of section 827.071(5), Florida Statutes (2011). A plea agreement was entered into between the State and God-win, whereby Godwin would plead nolo contendere to Counts I through X and be sentenced to ten years imprisonment. In return, the State would nolle prosequi the remaining thirteen counts. The trial court accepted Godwin’s plea and sentenced him to ten concurrent sentences of ten years imprisonment on each count.
On appeal, Godwin correctly argues that his sentence is illegal because a violation of section 827.071(5) is. a third-degree felony carrying a maximum penalty of five years’ imprisonment. Although Godwin is entitled to be relieved of this illegal sentence, the trial court may, on remand, restructure the defendant’s sentence by changing concurrent terms to consecutive terms, provided that the new sentence conforms to the plea agreement and is not found to be vindictive. See Sands v. State, 899 So.2d 1208, 1210-11 (Fla. 5th DCA 2005) (recognizing that illegal sentence “can be restructured in a manner that effectuates the plea agreement”) (citation omitted); Tilley v. State, 871 So.2d 294, 295 (Fla. 5th DCA 2004) (remanding for resentencing and noting that defendant “is entitled to the benefit of the plea agreement, but nothing more”); Buchanan v. State, 781 So.2d 449, 450 (Fla. 5th DCA 2001).
REVERSED and REMANDED.
SAWAYA and COHEN, JJ., concur.