PER CURIAM.
Stephanie Smith (defendant) appeals her sentences, which were imposed by the trial court after she entered a plea of nolo contendere to the charges of aggravated child abuse, child neglect causing great bodily harm, and possession with the intent to distribute materials depicting the sexual performance of a child. Determining that the sentence on count I is illegal, we reverse the defendant’s sentences and remand for re-sentencing.
The defendant was charged with committing the crimes of aggravated child abuse (count I), neglect of a child causing great bodily harm (count II), and unlawful possession with intent to promote materials depicting sexual performance by a child (count III). She entered an open plea of nolo contendere to all charges. The trial court sentenced her to a term of 25 years’ imprisonment followed by one year of probation on count I, 15 years’ imprisonment on count II, and 15 years’ imprisonment on count III. The sentences on counts II and III were ordered to run concurrent to the sentence on count I, but the sentence on count III was ordered to run consecutive to the sentence on count II.
The defendant contends that the trial court reversibly erred by imposing a term of one year of probation on her conviction for count I. Specifically, she maintains that the trial court erred in ordering her to serve one year of probation during the time that she will still be imprisoned on count III because it is error to structure a sentence where probation on one count is ordered to be served simultaneously with incarceration on other related counts. Foster v. State, 889 So.2d 951 (Fla. 5th DCA 2004). See also Hatton v. State, 689 So.2d 1195 (Fla. 4th DCA 1997) (explaining that incarcerative portions of all counts of sentence must be completed before probationary portion of a related count begins); Dewitt v. State, 639 So.2d 694 (Fla. 5th DCA 1994) (explaining that it is reversible error to order probation on one conviction to be served simultaneously with incarceration on additional counts). The State properly concedes error.
The defendant asserts that the proper remedy is for this court to strike the probationary portion of her sentence. The State argues that the proper remedy is for this court to remand the matter for re-sentencing on all charges so that the trial court has the opportunity to effectuate its original sentencing intent. We agree with the State.
Our court has authorized trial courts to, on remand, re-structure a defendant’s sentence in a manner which effectuates the original intent of the trial court so long as the new sentence is not vindictive. Godwin v. State, 116 So.3d 1280 (Fla. 5th DCA 2013). The transcript of the sentencing hearing indicates that the trial court intended that the defendant be under state supervision for thirty years and that she serve a one-year term of probation. The trial court can re-structure the sentences to legally accomplish that result.
SENTENCES REVERSED and CAUSE REMANDED for RE-SENTENCING.
SAWAYA, PALMER and LAMBERT, JJ., concur.