EN BANC
COHEN, J.
Cortez Hughes appeals the modification of his sentence, arguing that the trial court erred in restructuring a legal sentence to run consecutively to a modified illegal sentence. We agree and reverse.[1] In doing so, we recede from Smith v. State, 147 So.3d 1077, 1078 (Fla. 5th DCA 2014), to the extent it holds that a sentence imposed for counts not challenged by the defendant on appeal may be restructured when the court is not effectuating the terms of a plea bargain.
Following trial, a jury convicted Hughes of manslaughter with a firearm and possession of a firearm by a convicted felon. At sentencing, Hughes pleaded nolo con-tendere to charges stemming from violating the terms of his probation imposed in a separate case.[2] The trial judge sentenced Hughes to incarceration for sixty years on the manslaughter with a firearm charge and fifteen years on the possession of a firearm charge.[3] The judge also sentenced Hughes to incarceration for fifteen years on a possession of cocaine with intent to sell or deliver charge and five years on a possession of cannabis with intent to sell or deliver charge. The sentences were all imposed to run concürrently.
Subsequently, Hughes filed a motion under Florida Rule of Criminal Procedure 3.800(a) to correct an illegal sentence. He correctly asserted that the sixty-year prison sentence for manslaughter with a firearm exceeded the statutory maximum. At the hearing, the State made an oral motion under Rule 3.800(a), claiming that although they had neither objected to nor appealed the sentence for possession of a firearm by a convicted felon, this sentence was also illegal because the trial court failed to impose a nondiscretionary three-year minimum mandatory term.
*691 The court granted both parties’ Rule 3.800(a) motions, reduced the prison sentence for manslaughter with a firearm to thirty years, and added a three-year minimum mandatory term for the possession of a firearm charge. Rather than make the manslaughter charge consecutive to the possession of a firearm by a convicted felon and drug-related violation of probation charges, the court ordered that the sentence for possession of a firearm by a convicted felon be served consecutively to the manslaughter with a firearm charge. The fifteen-year and five-year sentences on the drug-related charges were not modified, as the parties and court acknowledged they were legal sentences.
Hughes appealed this revised sentence, but after the appeal commenced, filed a second motion to correct an illegal sentence, challenging the imposition of the three-year minimum mandatory term. Hughes argued that there had been no special jury finding of actual possession. Instead, finding the minimum mandatory provision violated double jeopardy, Judge Lubet granted this motion and struck the minimum-mandatory provision.[4]
Hughes now argues that his sentences for the violation of probation charges and the possession of a firearm charge were legal, and that a trial court is not permitted to restructure or change a legal sentence. He argues that the only charge the court could lawfully alter was the manslaughter count. The State argues in response that the trial court can restructure the sentences — regardless of whether they were all challenged — so long as the resulting sentence implements the trial court’s original intent and is not vindictive.[5]
The majority of cases support Hughes’s position that the trial court is without authority to restructure a legal sentence on a motion for modification. In Fasenmyer v. State, 457 So.2d 1361, 1362 (Fla.1984), the Florida Supreme Court considered whether, “when an appellate court reduces the severity of a criminal conviction because of lack of evidence and orders resentencing accordingly, the trial court may change the sentences previously imposed on other convictions not affected by the appellate court judgment.” Id. The Court held that it could not. Id. at 1362, 1365 (“[WJhere a conviction is hot challenged and not disturbed by the appellate court, and has been fully satisfied by its terms by the time the trial court receives the case on remand, a sentence originally ordered to be served concurrently cannot be changed to consecutive service.”). Id. at 1365.
The Court also indicated that this rule is sometimes applicable even if the sentence has not been fully satisfied. The Court explained:
To allow the trial court’s action in this ease to stand would place a rather formidable deterrent in the path of a convicted defendant who desires to apply for post-conviction relief on only one count of a multi-count conviction. By subjecting the defendant to the contingency of *692 having a non-challenged sentence escalated to the statutory maximum, we would truly be inviting the defendant to play “Russian Roulette.”
Id. at 1366 (quoting Chandler v. United States, 468 F.2d 834, 837 (6th Cir.1972)). The Court reiterated the principle that general sentences on convictions of multiple offenses are improper, and each separate offense must carry a discrete sentence:
The evil of a general sentence ... inheres in the uncertainty that its inscrutability creates, for if the trial judge had committed a reversible error as to any one count for any reason, the entire sentence would have to be vacated. Then, on resentencing, a failure to reduce a new sentence for the affirmed conviction or convictions could raise complications comparable to those arising from the imposition of a more severe sentence when a defendant is convicted on retrial of the charges which underlay the reversed conviction.
Id. (alteration in original) (quoting Dorfman v. State, 351 So.2d 954, 957 (Fla. 1977)). The Court concluded that “the concept of aggregate sentencing on interdependent offenses as it relates to a trial judge’s desire to effect the original sentencing plan does not justify modification, on remand after appeal, of sentences on convictions not challenged on appeal or disturbed by the appellate court.” Id.
Cases in the district courts of appeal support Hughes’s position as well. See, e.g., Reynolds v. State, 116 So.3d 558, 561 (Fla. 3d DCA 2013) (declining appellant’s request to vacate sentences on two counts that were unchallenged on appeal); Delemos v. State, 969 So.2d 544, 551 (Fla. 2d DCA 2007) (holding that the trial court lacked authority to increase a sentence on one count when it corrected an illegal sentence on another count); Kenny v. State, 916 So.2d 38, 40 (Fla. 4th DCA 2005) (holding that the trial court did not have jurisdiction to resentence the appellant as to all four of his cases where his motions to correct sentencing errors involved only two of the cases); Seago v. State, 627 So.2d 1316, 1316 (Fla. 2d DCA 1993) (holding,, where modification included converting concurrent sentences to consecutive terms, that the trial court, when correcting an illegal sentence on one count, does not have authority to modify legal sentences on other counts); see also Fla. R.Crim. P. 3.800 (“A court may at any time correct an illegal sentence imposed by it .... ”) (emphasis added).
There are cases from this Court that, read broadly, appear to support the State’s argument that a trial court has discretion to restructure a sentence so long as the restructuring is not vindictive. However, a closer reading of these cases reveals that they are distinguishable. In Godwin v. State, 116 So.3d 1280, 1280 (Fla. 5th DCA 2013), the appellant “was charged with twenty-three counts of possession of child pornography under section 827.071(5), Florida Statutes (2011).” Id. He pleaded nolo contendere to counts one through ten and, in exchange, the State nolle pressed the remaining thirteen counts. Id. The trial court sentenced him to ten years on each of the ten counts, all to be served concurrently. Id. On appeal, this Court reversed the sentence because the maximum penalty for a violation of section 827.071(5) was five years in prison. Id. This Court noted that, on remand, the trial court was entitled to restructure the sentence by changing the concurrent terms to consecutive terms to conform to the terms of the plea agreement. Id.
In Sands v. State, 899 So.2d 1208, 1209 (Fla. 5th DCA 2005), the other case cited by the State in opposition to Hughes’s motion, the appellant pleaded nolo conten-dere to several counts of sexual miscon *693 duct. Id. at 1209. The trial court sentenced him on each count, ordering the imposed incarceration terms be served concurrently. Id. Subsequently, the appellant filed a motion to correct an illegal sentence, alleging that one of the sentences exceeded the maximum allowable sentence. Id. at 1209-10. Finding that the sentence was indeed illegal, the trial court reduced the sentence but ordered it to run consecutively, rather than concurrently, to the other sentences. Id. at 1210. The trial judge had stated that “[t]he parties bargained for a cap of [24.6] months, a cap. I was able to operate within that framework ....” Id. (first and third alterations in original). On appeal, this Court held that the trial court operated within its discretion to restructure the incarceration terms of the sentences. See id. at 1211-12.
Sands and Godwin are distinguishable from this case, however, because both involved trial courts implementing a plea agreement. See id. at 1209. As this Court recognized, the appellant in Sands was not “deprived of the benefit of his bargain,” and “a plea agreement should be adhered to by both parties if it is legally permissible to do so.” Id. at 1211. Implementing the terms of a plea agreement is a recognized exception to the general rule that the court may not alter a legally imposed sentence on appeal.
Nonetheless, in Smith, this Court disregarded the general rule and stated: “Our court has authorized trial courts to, on remand, re-structure a defendant’s sentence in a manner which effectuates the original intent of the trial court so long as the new sentence is not vindictive.” 147 So.3d at 1078 (citing Godwin, 116 So.3d at 1280). In Smith, the appellant pleaded nolo contendere to multiple charges. Id. She challenged her sentence on one of those charges, and the State conceded error. Id. While the appellant asked this Court to strike the illegal portion of her sentence, the State argued that the Court should remand for resentencing on all of the charges. Id.
In remanding Smith for resentencing on all counts, this Court relied upon Godwin and never mentioned Fasenmyer. But in Godwin, unlike in Smith and the facts in this case, each of the appellant’s sentences was challenged on appeal and all were found to be illegal. See id. Additionally, Godwin permitted restructuring to conform to a plea agreement to which the appellant had consented. See 116 So.3d at 1280. Therefore, Smith’s reliance on God-win was improper.
In our view, when the court is not effectuating the terms of a plea bargain, Fasen-myer precludes the restructuring of a sentence imposed for counts not successfully challenged on appeal. Accordingly, we reverse and remand.
REVERSED and REMANDED.
LAWSON, C.J., SAWAYA, PALMER, ORFINGER, TORPY, EVANDER, BERGER, WALLIS, LAMBERT and EDWARDS, JJ., concur.

. While Judge Lubet handled the resentencing involving the imposition of a three-year mandatory minimum sentence on the possession of a firearm by a convicted felon charge, Judge Rodriguez presided over the trial and other resentencings described herein.

. Hughes had been on probation for one count of possession of cocaine with intent to sell and deliver and one count of possession of cannabis with intent to sell or deliver. The count charging possession of cocaine with intent to sell or deliver is a second-degree felony punishable by up to fifteen years’ incarceration. The count charging possession of cannabis with intent to sell or deliver is punishable by up to five years’ incarceration.

.While the State had previously filed a habitual felony offender notice, no mention was made of this at sentencing.

. The jury was instructed that possession could be either actual or constructive. While the result was correct, the analysis used was not. No minimum mandatory sentence could be imposed because the jury did not make a finding that Hughes actually, rather than constructively, possessed the firearm. Double jeopardy does not prohibit imposition of an otherwise required minimum-mandatory sentence. Dunbar v. State, 89 So.3d 901, 906 (Fla.2012).

. To his credit, at the time of resentencing, Hughes's counsel conceded that the court, having reduced the illegal sentence from sixty years to thirty years, had the authority to impose this sentence consecutively to those for the other charges. This would have implemented the court's intent to impose a forty-five-year sentence, but the trial court did not avail itself of that option.