IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CRAIG JOHNSON,

      Appellant,

v.                                Case No. 5D17-255

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 26, 2017

3.800 Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

Craig Johnson, Perry, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Rock
McGuigan, Assistant Attorney General,
Daytona Beach, for Appellee.

ORFINGER, J.

Craig Johnson appeals the summary denial of his motion to correct sentence filed

pursuant to Florida Rule of Criminal Procedure 3.800(a), which allows a court "at any time

to correct an illegal sentence . . . when it is affirmatively alleged that the court records

demonstrate on their face an entitlement to that relief." We reverse.

Following a jury trial, Johnson was convicted of possession of oxycodone (count

1) and possession of cocaine with intent to sell (count 3). The trial court sentenced

Johnson to five years in prison on count 1 and fifteen years in prison on count 3, to be served concurrently. Johnson subsequently filed a partially successful motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which resulted in the trial court vacating Johnson's conviction and sentence on count 3. Rather than face a retrial, Johnson entered a plea on that count and was sentenced to five years in prison concurrent with any other active sentence. Shortly thereafter, Johnson filed the present rule 3.800(a) motion, arguing that when the trial court resentenced him on count 3, it improperly modified his sentence on count 1 to provide that his five-year sentence on count 1 was consecutive to any active sentence even though the court had originally sentenced him to five years in prison concurrent to any active sentence.

In response, the trial court entered an amended order on count 3, which sentenced Johnson to "5 yrs concurrent w/ct 1 but consecutive w/anytime [sic] currently serving." The trial court then denied the rule 3.800(a) motion, disagreeing

> that there was a "re-sentencing" on Count I. The Court's statement regarding Count 1 was merely stating the obvious: that after Count III was vacated, Count I remained as 5 years in the DOC with CTS consecutive to his sentence in 2006-CF-265. Just as the Defendant has urged, Count I remained as originally sentenced and was untouched. Thus, the Defendant's sentence is not illegal. (It is also noted that on November 28, 2016, rather than face a re-trial on Count III, the Defendant pleaded no contest to Count III and was resentenced on Count III to a 5 years [sic] term concurrent to Count I, but it is still consecutive to the sentence in case number 2006-CF-265.)

Johnson then served a motion for rehearing, arguing that the "judgment and sentence order clearly shows that defendant was sentenced to (5) years on count one to run concurrent to any currently sentence serving." The motion was denied after the trial court concluded that rule 3.800 does not allow for a motion for rehearing. This appeal followed.

2

The State's response does not address the merits of Johnson's claim. Rather, the State incorrectly asserts the appeal is untimely. A motion for rehearing may be filed within fifteen days of the date of service of an order on a rule 3.800 motion. See Fla. R. Crim. P. 3.800(b)(1)(B) ("A party may file a motion for rehearing of any signed, written order entered under subdivisions (a) and (b) of this rule within 15 days of the date of service of the order."). An additional three days is provided for service by mail, for a total of eighteen days. Fla. R. Crim. P. 3.070. "A timely filed motion for rehearing shall toll rendition of the order subject to appellate review and the order shall be deemed rendered upon the filing of a signed, written order denying the motion for rehearing." Fla. R. Crim. P. 3.800(b)(1)(B).

In this case, the order denying the rule 3.800(a) motion was rendered on December 7, 2016. Thus, Johnson had until December 25, 2016, to serve a timely motion pursuant to the mailbox rule. However, December 25, 2016, was a Sunday, and December 26, 2016, was a court holiday. Hence, Johnson had until December 27, 2016, to timely serve his motion for rehearing. See Fla. R. Jud. Admin 2.514. The motion for rehearing reflects a prison mailing stamp of December 27, 2016, and was timely. The order denying the rehearing motion was rendered January 12, 2017, and the notice of appeal was timely filed on January 23, 2017. Consequently, the appeal is timely.

Turning to the merits of Johnson's claim, when a defendant challenges one count in a postconviction motion and that count is vacated, the trial court is without authority to modify a sentence on an unchallenged count. See Fasenmyer v. State, 457 So. 2d 1361, 1366 (Fla. 1984) ("We conclude that the concept of aggregate sentencing on interdependent offenses as it relates to a trial judge's desire to effect the original

3

sentencing plan does not justify modification, on remand after appeal, of sentences on convictions not challenged on appeal or disturbed by the appellate court."); Hughes v. State, 177 So. 3d 689, 693 (Fla. 5th DCA 2015) (en banc) ("[W]hen the court is not effectuating the terms of a plea bargain, Fasenmyer precludes the restructuring of a sentence imposed for counts not successfully challenged on appeal.").

A review of this Court's record of Johnson's direct appeal confirms that on count 1, the court orally pronounced: "Count one will be five years Department of Corrections, concurrent with Count Three, **concurrent** with any time presently serving." (Emphasis added). This supports Johnson's claim that his original sentence on count 1 was orally pronounced to run concurrent to any active sentence, not consecutive. However, our records reflect that the original oral pronouncement did not match the original written sentence on count 1, which provided that Johnson's five-year sentence was to run concurrent with count 3, but consecutive to any active sentence being served. But, this discrepancy did not become an issue until count 3 was vacated. At that time, the court indicated that count 1 was consecutive to any other active sentence, rather than concurrent as originally orally pronounced. Johnson attempted to raise this issue in this rule 3.800(a) motion, and the court determined the sentence on count 1 never changed. Johnson clarified the issue in his motion for rehearing, but again the trial court denied relief. The motion should have been granted and the sentencing documents amended to reflect that counts 1 and 3 are to be served concurrently with each other and any active sentence being served. See Marshall v. State, 78 So. 3d 72, 73 (Fla. 4th DCA 2012) ("'[A] court's oral pronouncement of a sentence controls over the written sentencing document. When the written document results in a sentence that is more severe than the

4

sentence announced in court, . . .' the sentence is illegal." (quoting <u>Williams v. State</u>, 957

So. 2d 600, 603 (Fla. 2007))).

REVERSED and REMANDED FOR CORRECTION OF SENTENCE.

WALLIS, J., and JACOBUS, B.W., Senior Judge, concur.